## J. W. FARRIER v. THE STATE.

No. 3971. Decided November 18, 1908.

### Obstructing Public Road—Insufficiency of Evidence.

Where upon trial for willfully obstructing a public road, the evidence did not indicate with sufficient cogency that the defendant willfully obstructed the road in question, the conviction could not be sustained.

Appeal from the County Court of Bowie. Tried below before the Hon. Sam H. Smelser.

Appeal from a conviction of wilfully obstructing a public road; penalty, a fine of $25.

The opinion states the case.

*Hart, Mahaffey & Thomas,* for appellant.—Cited, Parsons v. State, 26 Texas Crim. App., 192; Sanborn v. State, 21 Texas Crim. App., 155; Conner v. State, 21 Texas Crim. App., 176; Larol v. State, 30 Texas Crim. App., 374.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of wilfully obstructing a public road, his punishment being assessed at a fine of $25.

It is shown, substantially, by the facts that the jury of review made a report to the commissioners court showing where they had located a road in accordance with an order issued to them by said court. The county surveyor Johnson was with them and surveyed the land. It is a question of fact between Johnson on one side and the jury of review, to some extent, on the other, that he, Johnson, informed them at the time he surveyed the land for the proposed line of road that the field notes he had in regard to locations of appellant's lines were not correct. Subsequently he got correct field notes and resurveyed the land, and told Mr. Bassett, one of the jury of view, that the later surveyed line was the correct one, and to so inform the other members of the jury. Appellant sold to the county land immediately south and running parallel with his north-boundary line. Mr. Bassett, on the north, gave fifteen feet on his side of the division line between himself and appellant, appellant selling to the county fifteen feet on the south side of his north line, which was the division line between himself and Bassett. The field notes show that the land run along this division line and calls for appellant's line. The jury, in awarding damages, made the following report:

| Name of Land Owner. | Description of Land. | Damages. |
|---|---|---|
| J. W. Farrier, 15 feet on the north side, 84-100, of an acre on the north line | | $10 |
| R. A. Dalby, 15 feet on the north side 35-23-100 of an acre on the north line | | 10 |
| Total Damages | | $20 |

This report is in accord with the field notes, and it shows that the jury of review were paying appellant $10 for the fifteen feet along

and parallel with his north boundary line. Appellant complained, in regard to the location of the road, that it was not laid out on the land he sold to the county, and before the road was "cut out" Mr. Johnson, the surveyor of the county, upon inquiry made by appellant of him, indicated to him, appellant, the ground where he could place his north fence without interfering in any way with the land that he had sold the county, or in any way obstructing the proposed public road. This seems not to have been controverted, and under the location pointed out to him by the surveyor appellant placed his line of fence, which is shown by Johnson to be clearly outside of and south of the fifteen feet sold the county for the road. It does not seem to be clearly indicated when the road was "cut out." The report was made by the jury on the 28th of June, 1906. The obstruction is charged to have occurred on the 6th day of March, 1907. Appellant himself testified that he had no intention of obstructing the public road; that he had sold land to the county, and he took the advice of the county surveyor as to where the dividing line between himself and the county land was situate, and followed the instructions and advice of the county surveyor.

Without going into a discussion of how far the county might be bound to confine itself to the land sold, we are of opinion that the evidence does not indicate with sufficient cogency that appellant wilfully obstructed the road. The evidence shows by the report of the commissioners setting out the field notes as well as their allowance of $10 that appellant had sold to the county fifteen feet of his land lying contiguous to and adjoining his north boundary line. It is not controverted, as we understand the record, that appellant's fence is more than fifteen feet away from his north boundary line, and that he used all necessary caution in the location of his fence so that he might avoid coming in contact with the county road, or in any way obstructing it. We further believe this testimony excludes the idea of wilfullness.

Because we are of opinion that the evidence is not sufficient to justify this conviction, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*