## W. A. Craighead v. The State.

### No. 4443.   Decided March 10, 1909.

**Obstructing Public Road—Charge of Court—Intent.**

Where upon trial for wilfully obstructing a public road the evidence showed the exact boundaries of the road to have been somewhat in doubt, and that the defendant had obtained permission from the county authorities to run the lines accurately at his own expense, which he did, and placed his fence as he believed on his own land, it was reversible error to refuse a requested charge whether under the circumstances this was a wilful obstruction, and whether the road had been in fact obstructed.

Appeal from the County Court of Stephens.   Tried below before the Hon. A. J. Power.

Appeal from a conviction of wilfully obstructing the road; penalty, a fine of $12.50.

The opinion states the case.

*W. P. Sebastian,* for appellant.—On question of court's refusal of special charge: Nels v. State, 2 Texas, 280; White's An. Procedure, secs. 801, 1057; Mitchell v. State, 33 Texas Crim. Rep., 575; Lensing v. State, 45 S. W. Rep., 572; Black v. State, 38 Texas Crim. Rep., 58; Garza v. State, 38 Texas Crim. Rep., 317; Coleman v. State, 53 Texas Crim. Rep., 578, 112 S. W. Rep., 1072; Heune v. State, 17 Texas Crim. App., 426; Sanborn v. State, 21 Texas Crim. App., 155; Parsons v. State, 26 Texas Crim. App., 192.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a companion case to the case of Edgar Craighead v. State, No. 4442, decided at the present term of the court.

Appellant was the father of Edgar and is charged with obstructing the same road. It is disclosed by the evidence that there had been a road laid out some years prior to the alleged obstruction, known as the Breckenridge and Albany road, which ran across appellant's land in part, and it is this particular portion of the road which is charged · to have been obstructed. The exact boundaries of the road at this point seem to have been somewhat uncertain. Two parties who had obtained authority from the commissioners court to put up a telephone line along this public road testified to having been obstructed, and to conversations they had with appellant. At the same meeting of the commissioners court at which these gentlemen obtained permission to construct the telephone line, appellant requested the commissioners court to survey accurately and ascertain definitely the boundary lines across his land on this public road. This they declined to do, as they were satisfied with the road as originally viewed by the jury. However, they agreed

that appellant might survey the land at his own expense. Being a surveyor himself, he obtained the necessary instruments and the field notes as run by the jury of view and surveyed the south line of the road across his land as shown by the field notes as originally run by the jury of view and recorded in the records of the commissioners court. In doing so he states that he run the line according to the field notes and placed his fence five feet outside of this surveyed line, leaving that much of his land in the public road. There seems to be no controversy in regard to this testimony.

The court charged the jury in a general way that in order to constitute this offense the obstruction must be wilful; that is, with legal malice and evil intent. He further charged the jury that a public road may be not less than forty nor more than sixty feet in width, and that a public road may be established by a petition being presented to the commissioners court and by the said commissioners court making and entering upon the minutes of the court an order appointing five freeholders as a jury of view who acted in accordance with and by authority of the commissioners and their written report describing said road being duly approved by the commissioners court and recorded in the minutes of the commissioners court. However, if the road actually located on the ground and traveled by the public for a period of ten years or more under a claim of ownership by the county, the said county being in peaceable and adverse and open possession of same and appointing hands and appointing overseers for said time and by said county varies and is different from the one described by the jury of view, and the one described by the jury is not used for a public road and has not been for ten years or more, then and in that event the one actually traveled and located and worked by the road hands is the true road. Bearing all the foregoing in mind, if the jury should believe from the evidence beyond a reasonable doubt that the defendant did on or about the 9th day of September, 1908, unlawfully and wilfully obstruct the road in question as charged they should find him guilty and assess his punishment at a fine not exceeding five hundred dollars. This, in a general way, is the substance of the court's charge.

The court refused to give the following requested instruction: "You are charged that if you believe from the evidence in this cause that the defendant, at the time he built the fence alleged in this case to be an obstruction, believed that it was being built upon his own land, or that it was being placed upon the south boundary line of said road, or if there is a reasonable doubt in your minds from the evidence in this case as to whether the defendant thought he was placing said fence on his own land, or on the south boundary line of said road, you will give the defendant the benefit of the doubt and acquit him." These charges should have been given. They present definitely and specifically the issue raised by appellant's

testimony, to the effect that he had obtained permission to run the line accurately at his own expense, and that having done so and having placed the fence five feet away from this line on his own land, leaving that much land for the benefit of the public not called for by the field notes, that he was not guilty, or if there was a reasonable doubt on this question he would be entitled to a verdict of not guilty. His testimony went directly to two crucial points of the case, to wit: First, whether the road was obstructed at all; and, second, that if it was, under the circumstances it was not wilful. If the jury believed either proposition he was entitled to a verdict of not guilty. See Farrier v. State, 113 S. W. Rep., 763; Craighead v. State, decided at the present term.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*