### J. J. HUBBARD v. THE STATE.

No. 4068. Decided May 12, 1909.

**Obstructing Public Road—Charge of Court—Insufficiency of the Evidence.**
Upon trial for wilfully obstructing a public road where the evidence showed that there was no wilful obstruction of the road in question, the conviction could not be sustained.

Appeal from the County Court of Glasscock. Tried below before the Hon. G. L. Bogard.

Appeal from a conviction of wilfully obstructing a public road; penanty, a fine of one cent.

The opinion states the case.

*C. E. Dubois,* for appellant.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for obstructing a public road which led from Garden City, in Glasscock County, to Stiles, in Reagan County, by erecting and building a fence across the road and leaving said fence across said road, thereby causing said road to be obstructed.

The facts show that the Commissioners Court appointed a jury of view to lay out a public road running from the southwest corner of the public square, on section lines, in the direction of Stiles, and terminating at the southwest corner of section 41, block 34, township 5 S., on south line of county, in the most direct and practicable route, as follows: Here then follows the names of the jury of view. The jury of view made a report on May 13, 1907, of their work of laying out this road, which shows they ran the road on appellant's land along his south line, and that the road ran on section lines between the different surveys. Wilkerson testified that he knew defendant, and lived south of his ranch, and that their ranches joined; that during the year 1907 he was county commissioner of precinct No. 1, and knew of the laying out of the road from Garden City to the county line of Glasscock County in the direction of Stiles, in Reagan County; that this road was surveyed by a man named Twitchell, of Amarillo, Texas; that it ran along the south side of sections 16 and 15, and the east side of sections 10 and 15, all in block 34, township 5 S., Texas & P. Ry. Co., which belonged to defendant; that appellant built his fence—a wire fence— across the road after same was cut out by the overseer; that he knew nothing about Twitchell, and did not know whether he ever surveyed land before or not. That, in locating the road, thirty feet off the south side of defendant's said sections 15 and 16, and thirty feet off his said sections 10 and 15, were condemned by the jury of view for said road, at $153 valuation, which the defendant accepted; that he was not a surveyor, and did not know the course Twitchell ran the line in locating the road, nor did he know the variation of the compass used by Twitchell; that this road is about sixteen miles long, and on July 1, 1908, only about eight miles of same was opened, and the road had never been in use for travel by the public. Allen testified that he was county surveyor, and was elected at the last general election; that he knew the defendant, and was aware of the Commissioners Court ordering a road laid out from Garden City to the county line in the direction of Stiles, in Reagan County, Texas; that he was then county surveyor of Glasscock County; that he had been surveyor for about fifteen years, and had surveyed in Glasscock County for the past two years, and knew the blocks and sections and how they were located; that the north and south lines ran N. 13 E., and the east and west lines ran S. 77 W.; that the line on the south side of defendant's section 15 ran N. 77 E. That when the jury of view was first ordered to lay out the road, he, witness, was instructed by the Commissioners Court to survey and locate the road, which he did; that it was not satisfactory to the court, and they refused to accept it, and declared his office vacant, and employed Twitchell to survey the road; that he knew where Twitchell located the road and when defendant built his fence mentioned; that at this point the lines of the road were located by Twitchell by running them N. 75 E.; that the fence built by appellant, for which he is being prosecuted, is about 150 feet north of the south line of said sec-

tion 15; that he had surveyed this section and ran same according to the field notes of the survey; that defendant's said fence was about 150 feet north of the south line of defendant's said sections 15 and 16 and about 39 feet west of the east line of his said sections 10 and 15; that the road had never been opened, except about eight miles from its south end, and no part of the road has ever been in use for travel. Appellant testified that he owned sections 9, 10, 15 and 16, in block 34, township 5 S., and was aware of the Commissioners Court ordering a road laid out, which was located for two miles along the south side of his said sections 15 and 16 and the east side of his said sections 10 and 15; that the jury of view condemned the four miles of road for thirty feet off the south side of said sections 15 and 16, and thirty feet off the east side of said sections 10 and 15, assessing $153, which amount he accepted, and which, he says, he is perfectly willing for the county to have. That he built the fence for which he is being prosecuted on the advice of county surveyor Allen; that in doing so he did not build it on the thirty feet for which he accepted pay from the Commissioners' Court. He says the road has never been traveled by the public or anyone else, and that he left thirty feet on the south and east of his said fence for said road, which is now free from any obstructions, and that his fence on the south line of said two sections, 15 and 16, is just as near in a straight line as it is possible to build one. This is the substance of the testimony.

Appellant, among other things, asked the court to instruct the jury to find him not guilty. We are of opinion this charge should have been given. There seems to be no controversy of the fact, as shown by the testimony and as can be demonstrated, that the road, as laid out by the Commissioners Court, and intended to be made a public road, was along the lines of the surveys, and there is no contradiction of the fact that the fence built by appellant is more than thirty feet from any of his lines. On the north side it is shown to be 150 feet away from his south line, and on the east side 39 feet from the west side. The Commissioners Court ordered a road 60 feet wide, 30 feet of which was to be taken from appellant and for which he received pay. In order to avoid any complication he took Allen, who had been the county surveyor, and who had just been elected as such surveyor, and had him survey the land, and followed the line which Allen says is correct and in accord with the road laid out by the jury. We hold the facts do not show a willful obstruction of the road. This is a case very similar, and, in fact, almost identical with that of Farrier v. State, 54 Texas Crim. Rep., 536; 113 S. W. Rep., 763, decided by this court.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*