## Ex Parte Mrs. W. M. Graham.

### No. 9585. Delivered October 7, 1925.

**1.—Habeas Corpus—City Ordinance—Prohibiting Chickens Running at Large—Held Invalid.**

This is a Habeas Corpus appeal, questioning the validity of a city ordinance of the city of Matador, prohibiting the running at large of chickens, and other fowl within the limits of said city.

**2.—Same—Statute Construed.**

Art. 754-859 and 860 of our Civil Statutes of 1911, confer general powers upon city governments, to ordain, and establish such laws, regulations and ordinances, not inconsistent with the constitution, and laws of this state. Art. 860 confers power to prohibit running at large of *horses, mules, cattle, sheep, swine and goats*, and to prescribe penalties.

**3.—Same—Continued.**

Art. 859 relates to the driving of animals through a city. Art. 860 cannot in our judgment be held authority for the ordinance in question because the power therein conferred relates to the restraint of *certain named animals, and not to others*. A municipal corporation exercises only such powers which are granted, either by the constitution, or the statute. See Mantel v. State, 55 Tex. Crim. Rep., 461; Pye v. Peterson, 45 Tex. Crim. Rep. 312; 31 Amer. St. Rep. 818. Dillon on Mun. Cor. 5th Ed. Vol. 2, Art. 620.

4.—Same—Continued.

Art. 764 contains the general welfare power, and does not embrace the power to restrict animals from running at large. If this assumption be correct, then Art. 860 must be treated as specific legislation upon the subject under discussion, and construed as restricting the power of the city, to those animals which are named in the statute. See authorities supra, also Blankinship v. City of Sherman, 76 S. W. 805.

5.—Same—Continued.

We intertain the opinion that unless the running at large of chickens could be regarded as a nuisance, or in some way inimical to public health, or good order, or otherwise come within the police power delegated to the city by Art. 764, which is not here made to appear, that such ordinance is invalid, and relator is ordered discharged. See Ex Parte Robinson, and other cases cited.

Appeal from the County court of Motley County. Tried below before the Hon. C. L. Glenn, Judge.

Appeal from an order of the court, refusing to discharge relator on a habeas corpus hearing.

*Bouldin & Fish,* for appellant.

*T. J. Sanders, Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assisant State's Attorney, for the State.

MORROW, Presiding Judge.—This is an appeal from the order of the court refusing to discharge the relator on a habeas corpus hearing.

The question involved is the power of the city of Matador, by ordinance, to declare one guilty of a panel offense who, being the owner and custodian of any chicken or other fowl, shall permit them to run at large within the corporate limits. The city of Matador was incorporated under the general provisions applying to cities and towns in Title 22 of the Revised Civil Statutes of 1911.

As supporting the ordinance, reference has been made to Articles 764, 859, and 860 of the Civil Statutes of 1911. The article first mentioned confers upon the city government the authority to "ordain and establish such acts, laws, regulations, and ordinances, not inconsistent with the Constitution and laws of this State, as shall be needful for the government, interest, welfare and good order of said body politic."

Article 859, supra, confers the power to "prevent, regulate and control the driving of cattle, horses and all other animals into or through the city."

Article 860, supra, reads thus:

"To establish and regulate public pounds, and to regulate, restrain and prohibit the running at large of horses, mules, cattle, sheep,

swine, goats, and to authorize the distraining, impounding and sale of the same for the costs of the proceedings and the penalty incurred, and to order their destruction when they can not be sold, and to impose penalties on the owners thereof for a violation of any ordinance.''

Conceding that the term ''animal'' includes a chicken, the applicability of Article 859, supra, is not perceived, for the reason that it relates to the *driving* of animals through a city. Article 860, supra, cannot, in our judgment, be held authority for the ordinance in question for the reason that the power therein conferred relates to the restraint of *certain named animals* and not to others. A municipal corporation such as the one under consideration, exercises only those powers which are granted either by the Constitution or the statute. See Mantel v. State, 55 Texas Crim. Rep. 461, 31 Amer. St. Rep. 818; Pye v. Peterson, 45 Tex. Rep. 312; Dillon on Municipal Corporations, 5th Ed., Vol. 2, Art. 620. From the enactment of Article 860, supra, it seems that in contemplation of the Legislature, the authority to prohibit animals from running at large was one not embraced within the general welfare power contained in Article 764. If this assumption be correct, then Article 860 must be treated as specific legislation upon the subject of animals running at large, and constructed as restricting the power of the city to those animals which are named in that statute. See authorities, supra; also Blankenship v. City of Sherman, 76 S. W. Rep. 805. Even if the general welfare clause embraced in Article 864 was not modified by the express authority with reference to animals contained in Article 860, we entertain the opinion that unless the running at large of chickens could be regarded as a nuisance or in some way inimical to the public health or good order of the city, that it could not be supported by Article 764. The ordinance does not purport to declare the act prohibited a nuisance; nor do we understand it to be a nuisance *per se.* See Ex parte Robinson, 30 Tex. Crim. App. 493; Ex parte Glass, 49 Tex. Crim. Rep. 87; Ex parte Botts, 154 S. W. Rep. 221; Ex parte Neill, 32 Tex. Crim. Rep. 275; Ex parte Harris, 97 Tex. Crim. Rep. 399; Ruling Case Law, Vol. 20, p. 389; Wood on Nuisance, Vol. 2, p. 977. It is conceived that the keeping of chickens might, under some circumstances, be injurious to the public health or otherwise come within the police power delegated to the city by Article 764, but it is not believed that it warrants the city, by penal offense against the owner, to prohibit chickens from running at large.

For that reason the judgment is reversed and the appellant ordered discharged.

*Reversed and Appellant Discharged.*