### EX PARTE DAVID R. GLASS.

No. 3342.  Decided December 6, 1905.

**Habeas Corpus—City Ordinance—Keeping Hogs in City—Nuisance—Reasonable Ordinance.**

Where relator was arrested and convicted in the corporation court of a city incorporated under the general incorporation law for cities over one thousand inhabitants, for violating an ordinance by virtue of last clause of article 538, Revised Civil Statutes, forbidding hogs to be kept within one mile of the court house in said city limits, the limits of said city extending beyond the place where relator kept his hogs. Held that said ordinance is valid and reasonable and that relator should be remanded into custody.

From Smith County.

Original application for habeas corpus for release from a commitment for a violation of a city ordinance.

The opinion states the case.

*W. F. Boyette,* for relator.—Where hogs are kept on private property in a strictly sanitary condition and no one is disturbed in any manner thereby, nor ever complains of the hogs or pen as being a nuisance, such is not a nuisance per se.

The ordinance under which relator was convicted reads: "Sec. 15 —It shall be unlawful for any person, association, or corporation to keep or have any hog or hogs in any lot, yard, pen, pasture or any other place within one mile of the Public Square in the city of Tyler, and any person or firm or association of persons or any individual members of any firm or association of persons or the managing official of any corporation who shall violate this section of this ordinance shall be deemed guilty of a misdemeanor and, on conviction, shall be fined not less than $5 nor more than $100, and each day that this section is violated shall constitute a separate offense." City of St. Louis v. Russell, 22 S. W. Rep., 470; Gay v. State, 18 S. W. Rep., 260; J. A. Burditt et al. v. Svante M. Swenson, 17 Texas, 489; Barthet v. City of New Orleans, 24 Fed. Rep., 563; State v. Mahner et al., 9

Southern Rep., 480; City of Newton v. Belger, 10 N. E. Rep., 464; 143 Mass., 598.

The ordinance is paramount to declaring that any hog is a nuisance per se regardless of the manner in which it is kept. The laws of Texas manifestly regard the hog to be a less filthy animal than the horse; because in some cases it has been held that a livery stable that was permitted to become filthy might be a nuisance, but in no case has it been held that a horse or a livery stable is a nuisance per se. The cases above cited expressly held that a livery stable is not a nuisance per se.

The statutes of the State of Texas give to cities and towns the power to regulate livery stables, specifically naming them among other things which the city may regulate, but there is no statute providing that the keeping of a hog or hogs may be punished by fine. The only way the city of Tyler can procure a legal conviction is to follow the statute. Hogs are recognized by law to be private property; hence, it was not a crime for· David R. Glass to keep them on his private premises.

Relator was not convicted for maintaining a nuisance but for keeping a hog or hogs on his private premises within one mile of the public square of the city of Tyler. Constitution of Texas, art. 1, sec. 19; Ex parte Patterson, 58 S. W. Rep., 1011; Ex parte Robinson, 17 S. W. Rep., 1057.

On rehearing, on question of nuisance: Art. 16, sec. 23, Constitution; Armstrong v. Trayler, 30 S. W. Rep., 440; City of Paris et al. v. Hale, 35 id., 333.

*Howard Martin,* Assistant Attorney-General; *R. P. Dorough,* City Attorney, for respondent.—While ordinances which unnecessarily restrain trade or operate oppressively upon individuals will not be sustained, yet such as are reasonably calculated to preserve the public health are valid, although they may abridge individual liberty and individual rights in respect of property.

The ordinance here sought to be declared void makes the keeping of a hog on premises situated within one mile of the public square in said city a misdemanor. Commonwealth v. Patch, 97 Mass., 221; City of Taunton v. Taylor, 116 Mass., 254; Commonwealth v. Young, 135 Mass., 526; Inhabitants of Quincy v. Kennard et al., 24 Northeastern Rep., 860; State v. Speyer, 48 Amer. State Rep., 832; Hurst v. Warner, 47 Amer. State Rep., 525; 21 Amer. & Eng. Enc. of Law (2nd edition), 684.

Article 447, Revised Statutes, gives to city councils the power "to abate all nuisances which may injure or affect the public health or comfort in any manner they may deem expedient." ·

Article 448, Revised Statutes, gives to city councils the power "to do all acts and make all regulations which may be· necessary or expedient for the promotion of health or the suppression of disease."

The ordinance is valid, even though it does not include the entire corporate limits of the city. In re Linehan, 13 Pacific Rep., 170; Barbier v. Connolly, 113 U. S., 27; Soon Hing v. Crowley, 113 U. S., 703.

BROOKS, JUDGE.—This is an original application for the writ of habeas corpus. The facts show that the city of Tyler is incorporated under the general incorporation act for cities of over 1,000 inhabitants. Relator was arrested and convicted in the corporation court of the city of Tyler, fined $5, for violating an ordinance of said city, forbidding hogs to be kept within one mile of the courthouse in the city of Tyler. The corporate limits of the city of Tyler extended one and one-half miles in each direction from the courthouse, and extended one-half mile or more beyond the place where relator kept his hogs. This case was appealed to the county court, and appellant was there convicted, and the fine imposed was $5. Thereupon he applied to this court for the writ of habeas corpus, which was granted as above stated. The facts show that the hogs in question were kept in a clean pen, and no complaint had been made by any one of the manner in which they were kept. The last cause of article 538, Revised Civil Statutes, provides, as follows: "To abate all nuisances of every description, which are or may become injurious to the public health in any manner that they may deem expedient, and from time to time do all acts, make all regulations, and pass all ordinances which they shall deem expedient for the preservation of health and the suppression of disease in the city." "The authority to preserve the health and safety of the inhabitants, and their property, as well as authority to prevent and abate nuisances is a sufficient foundation for ordinances to suppress and prohibit whatever is intrinsically and inevitably a nuisance. The authority to declare what is a nuisance is somewhat broader, but neither this, nor the general authority mentioned in the last preceding sentence will justify the declaring of acts, vocations or structures not injurious to health or property, to be nuisances. Much must necessarily be left to the discretion of the municipal authorities, and their acts will not be judicially interfered with, unless they are manifestly unreasonable and oppressive, or unwarrantably invade private rights or clearly transcend the powers granted to them, in which case the contemplated action may be prevented or the injuries caused redressed by appropriate suit or proceedings." Dillon's Mun. Cor., sec. 379; Ex parte F. M. Robinson, 30 Texas Crim. App., 493. A hog pen or pig sty in a city has been held to be a nuisance. St. Louis v. Stearn, 3 Mo. App., 48; Whipple v. McIntyre, 69 Mo. App., 397; Amer. & Eng. Ency. of Law, 2nd ed., p. 684. An ordinance may be valid, although it does not include the entire corporate limits of the city. 13 Pac. Rep., 170; Barbier v. Conley, 113 U. S., 27; Soon Hing v. Crowley, 113 U. S., 703. An ordinance is valid that regulates the location of anything that is offensive to public health, so long as the same is reasonable. We think the ordinance under consideration is a reasonable ordinance. The mere fact that it prohibits the keeping of hogs within one mile of the courthouse, and permits hogs to be kept in the corporate limits, outside of the one-mile limit, would not be an unreasonable regulation. We therefore hold that the ordinance of the City Council of Tyler is a

reasonable and valid ordinance. Relator is accordingly remanded to the custody of the officers, and the costs are taxed against him.

*Relator remanded to custody.*

[Motion for rehearing overruled without written opinion.—Reporter.]