STATE EX REL. LILLIA BERGERON, RELATOR, V. COUNTY COURT OF TRAVIS COUNTY ET AL.

No. 3354. Decided January 20, 1915.

**1.—Writ of Prohibition—Corporation Court—Statutes Construed.**

Since the adoption of the amendment of 1891 to the Constitution of Texas, the validity of the Act creating the Corporation Courts and defining their jurisdiction has been upheld both by this court and the Supreme Court of Texas. Following Ex parte Abrams, 56 Texas Crim. Rep., 465.

**2.—Same—Corporation Court—Statutes Construed.**

Article 904, Revised Civil Statutes, 1911, giving the Corporation Courts concurrent jurisdiction with justices of the peace, in all criminal cases arising under the criminal laws of this State in which the punishment is by fine only, and where the maximum of such fine may not exceed $200 within the territorial limits of such city, town or village, is valid and constitutional.

**3.—Same—Vagrancy—Statutes Construed.**

Where relator was prosecuted in the Corporation Court for vagrancy under article 634, Penal Code, and appealed from a conviction to the County Court, these courts had jurisdiction, and the contention that relator was prosecuted under Articles 496 and 500, Penal Code, defining bawdy houses, and assessing punishment therefor, which includes imprisonment in the county jail, is untenable.

**4.—Same—Validity of Statutes—Corporation Courts.**

Articles 963, 964 and 965, Code Criminal Procedure, are constitutional, legal and valid, and give the Corporation Courts concurrent jurisdiction with

justices of the peace, in all criminal cases under the criminal laws of this State in which the punishment is by fine only. Following Harris v. Finley, 91 Texas, 133, and other cases.

**5.—Same—Writ of Prohibition—Vagrancy—Corporation Court—County Court.**

Where relator was charged upon complaint in the Corporation Court of the City of Austin with being a vagrant in that she was then and there unlawfully and wilfully the keeper of a house of prostitution in said city, and which house she kept for the purposes of prostitution and where prostitutes were permitted to resort, etc., and was convicted and fined in the sum of $200, from which conviction she appealed to the County Court, wherefrom she applied to this court for a writ of prohibition on the ground that neither court had jurisdiction. Held, that the writ must be denied. Davidson, Judge, dissenting.

**6.—Same—Statutes Construed—Jurisdiction—Vagrancy.**

Where the plain language of the complaint made it manifest that the prosecution was brought under article 634, Penal Code, which defines vagrancy, and provides that every keeper of a house of prostitution shall be deemed a vagrant, etc., the contention that the prosecution was brought under articles 496 and 500, Penal Code, defining and punishing bawds and keepers of disorderly houses by both fine and imprisonment in the county jail is untenable, and the Corporation Court had original jurisdiction, and the County Court appellate jurisdiction of the case.

**7.—Same—Repeal by Implication—Jurisdiction—Practice.**

Where the question of the repeal by implication of article 634, Penal Code, by articles 495 and 500, Penal Code, was neither raised in the Corporation Court nor upon appeal in the County Court, the question can not be raised for the first time in this court; however, there exists no such repeal by implication or otherwise.

**8.—Same—Rule Stated—Jurisdiction—Writ of Prohibition.**

It is only in cases in which the court has no jurisdiction, or is exceeding his jurisdiction, that the writ of prohibition will lie, and the defendant must have objected to the jurisdiction of the court at the outset and must have no other legal remedy, or else it will not be obligatory upon the appellate court to grant the writ of prohibition. Davidson, Judge, dissenting.

**9.—Same—Case Stated—Rule Stated—Plea to the Jurisdiction.**

If the appellant had desired to contend that the articles of the Penal Code defining and punishing keepers of bawdy houses and disorderly houses repealed by implication subdivision (j) of article 634, Penal Code, defining and punishing vagrancy, the proper place for a plea to the jurisdiction on that account was either in the Corporation Court where the prosecution was brought, or in the County Court on appeal. Davidson, Judge, dissenting.

**10.—Same—Rule Stated—Statutes Construed.**

The bawdy house and disorderly house Act was directed at the keeper of a particular house, and it is necessary to prove that the defendant was at the specific time named in the indictment the keeper of a particular house, and it was kept at the time alleged for the purpose denounced by the statute, and not that this was the vocation, trade, or calling pursued to obtain a livelihood; but it is not necessary to decide the question of the repeal by implication of the vagrancy statute by the disorderly house Act.

From Travis County.

Rule nisi in prohibition; original application for a writ of prohibition restraining the county judge from trying a cause on appeal in the

County Court charging relator with vagrancy and a conviction thereof in the Corporation Court, assessing a fine of $200.

The opinion states the case.

*Grover & Posey,* for relator.—On question of the remedy by the writ of prohibition: Terrill v. Superior Court, 60 Pac., 38; State v. Judges, 49 La. Ann., 249; In re Alix, 166 U. S., 136; McInerney v. Denver, 29 Pac. Rep., 516; 32 Cyc., 620.

On question of repeal by implication and jurisdiction: High on Extraordinary Legal Remedies, 3rd ed., pp. 749-755 et seq.

On question of general procedure in writs of prohibition: 16 Ency. Pleading and Practice, pp. 1138-1144, inclusive; State v. Williams, 48 Ark., 227; State v. Hirzel, 137 Mo., 435; Smith v. Whitney, 116 U. S., 167.

On question of objection to jurisdiction of inferior court: Farquharson v. Morgan, L. R. Q. B. Div., 1894, p. 552; McClure v. Lay, 30 Ala., 208; Dillard v. St. Louis Ry. Co., 58 Mo., 69; Ferris v. Ferris, 25 Vt., 100.

On question of repeal of statutes and jurisdiction: Smith v. State, 7 Texas Crim. App., 286; Haflin v. State, 5 id., 212; Ellison v. State, 6 id., 248; Greer v. State, 22 Texas, 588; Norton v. State, 14 Texas, 387; Lott v. State, 18 Texas Crim. App., 627; Blandford v. State, 10 id., 627; Ex parte Degener, 30 Texas Crim. App., 566.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—The record before us discloses that a complaint was filed against the applicant in the Corporation Court of the City of Austin, in which it was charged that applicant "on or about the 1st day of August, 1914, and on each successive day from that date to the 29th day of August, 1914, was a vagrant, in that she was then and there unlawfully and wilfully the keeper of a house of prostitution, in the City of Austin, which said house she did then and there unlawfully keep as a house for the purposes of prostitution, and where prostitutes were permitted to resort and reside for the purposes of plying their vocation," etc.

On the day the case was called for trial in the Corporation Court, applicant appeared and filed a plea in which she alleged that "the offense attempted to be alleged would be an offense against the criminal laws of the State of Texas, and not a municipal offense, and asked that the case be transferred to a proper court." This is all the plea filed in the Corporation Court other than a plea of not guilty. It was overruled, and when tried she was convicted and fined in the sum of two hundred dollars.

She appealed the case to the County Court, and executed a bond conditioned for appearance in the County Court in this cause. When the case was reached on the docket of the County Court, applicant filed a motion to dismiss, alleging:

1.   That as the complaint charges applicant with being a vagrant in

that she did then and there unlawfully keep a house for the purpose of prostitution, and where prostitutes were permitted to resort and reside, etc., it is insisted that the offense alleged is brought under articles 496 and 500 defining and punishing the keeper of a house of prostitution, in which a portion of the punishment assessed is by imprisonment in jail, and the Corporation Court would have no jurisdiction of the offense.

2. That Corporation Courts have no jurisdiction over crimes committed against the State, and that this prosecution is for an offense against the laws of the State and not a violation of a city ordinance.

3. It is contended that articles 963, 964 and 965 of the Code of Criminal Procedure are unconstitutional and void, and that Corporation Courts are no part of the constitutional judiciary of this State.

Upon the overruling of the above motion by the judge of the County Court, applicant filed a petition asking that this court issue its writ prohibiting the County Court from exercising any jurisdiction in this cause, and restraining the County Court from proceeding further in this cause, and asks that we enter an order requiring the County Court to dismiss the case, the grounds alleged being the same as those alleged in the motion filed in the County Court praying for a dismissal of the case.

This court ordered the application filed, and set the cause down for a hearing in order to determine whether or not we should issue the writ prayed for. Attorneys for applicant have filed very exhaustive and entertaining briefs, and we have given them careful thought and study.

The first question presented, which is the one presented in the Corporation Court, is that as the prosecution was for a violation of the criminal laws of the State and not an ordinance of the city, the City Court had no jurisdiction of the offense. This court formerly so held, and in consequence the Constitution was amended in 1891 by providing that "the Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof," etc. Since the adoption of that amendment the validity of the Act creating the Corporation Courts and defining their jurisdiction has been upheld both by this court and the Supreme Court. In Ex parte Abrams, 56 Texas Crim. Rep., 465, this court held:

"The question of the authority of Corporation Courts in cities to try offenses against the State law has been frequently before this court, and has been the subject of radical difference among the judges composing the court, and has resulted in much confusion in the decisions of this tribunal. In the case of Leach v. State, 36 Texas Crim. Rep., 248, 36 S. W. Rep., 471, it was held that under our Constitution, article 5, section 1, declaring that the 'judicial power of this State shall be vested in certain named courts and in such others as may be provided by law.' the Legislature can not give a municipal court created as an incident to a municipal corporation, jurisdiction, concurrent with a State court over violations of State laws. Our Supreme Court, however, in an elaborate opinion by Judge Brown in the case of Harris County v. Stewart, 91 Texas, 133, ruled otherwise. It is in that case in terms

held that, 'The Legislature has power, under the Constitution, to confer upon a city recorder, the jurisdiction of a justice of the peace over offenses committed against the laws of the State'; and the court refers as authority for this holding to the following authorities: Constitution, art. 5, amendment 1891; Code of Criminal Procedure, arts. 98, 929; Ex parte Ginnochio, 30 Texas Crim. App., 584; Ex parte Towles, 48 Texas, 413; Gibson v. Templeton, 62 Texas, 565; Blessing v. City of Galveston, 42 Texas, 641; Johnson v. Hanscom, 90 Texas, 321; State v. Helefrid, 2 Nott & McCord, 233; Nugent v. State, 18 Ala., 521; Waldo v. Wallace, 12 Ind., 569; Gulick v. New, 14 Ind., 93; Gray v. State, 2 Harr (Del.), 76; Burch v. Hardwicke, 30 Gratt. (Va.), 24; Hutchins v. Scott, 4 Halsted (N. J.), 218.

"In the later case of Ex parte Wilbarger, 41 Texas Crim. Rep., 514, the rule theretofore announced in Ex parte Leach seems practically to have been overruled. It was in Ex parte Wilbarger in effect held that under the amendment of 1891 expressly providing that, 'The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof and may conform the jurisdiction of the district and other inferior courts thereto,' the Legislature had complete authority to create other courts than those enumerated in the Constitution, and prescribe their jurisdiction. The conclusion reached in that case and the rule therein established has since been the settled holding of this court. Ex parte Hart, 41 Texas Crim. Rep., 581."

After the adoption of the above amendment the Legislature enacted article 904, Revised Statutes, 1911, which reads:

"Said court (the Corporation Court) shall have jurisdiction within the territorial limits of said city, town or village, within which it is established, in all criminal cases arising under the ordinances of the said city, town or village, now in force, or hereafter to be passed, and shall also have jurisdiction concurrently with any justice of the peace in any precinct in which said city, town or village is situated, in all criminal cases arising under the criminal laws of this State, in which the punishment is by fine only, and where the maximum of such fine may not exceed two hundred dollars and arising within the territorial limits of such city, town or village."

As hereinbefore stated, this provision of the statute has been upheld both in the Supreme Court and this court, therefore the Corporation Court did not err in overruling that plea to its jurisdiction, and if the Corporation Court had jurisdiction to try the offense, certainly the County Court would have and should entertain jurisdiction on appeal.

It is next alleged that the complaint charges an offense under articles 496 and 500 of the Penal Code. Article 496 defines a bawdy house and a disorderly house, while article 500 prescribes the punishment to be assessed against anyone keeping or anyone who is concerned in keeping such a house, and fixes the punishment to be assessed at a fine of $200, and by imprisonment in the county jail for twenty days for each offense. If the complaint was filed under these articles of the Code, no one would

or could contend that the Corporation Court of the City of Austin would have jurisdiction of the offense, or that the County Court *on appeal,* under such circumstances, would have jurisdiction of the cause. And . if the complaint had been brought under those articles of the Code, applicant would doubtless be entitled to the writ ,as prayed for. But was the complaint drawn under those provisions of the Code? By the plain language of the complaint it is made manifest that the prosecution was brought under article 634 of the Penal Code, which article defines vagrancy, and provides, "the following persons are and shall be punished as vagrants," in subdivision "j" of said article providing that "every keeper of a house of prostitution" shall in law be deemed a vagrant, and the punishment prescribed by law for such an offense in article 639 is by fine alone and in a sum not exceeding two hundred 'dollars, and if brought under this provision of the Code the Corporation Court would have jurisdiction of the offense as provided in article 904 hereinbefore copied, and other provisions of the laws and the Constitution of this State, and if the Corporation Court had jurisdiction of the case when filed, the County Court would not err in entertaining jurisdiction of the case on appeal. And in so holding we necessarily hold that articles 963, 964 and 965 of the Code of Criminal Procedure are not unconstitutional and void, but are legal and valid enactments under the amendment to the Constitution adopted in 1891. Harris v. Finley, 91 Texas, 133, and cases cited, and Ex parte Abrams, 56 Texas Crim. Rep., 465.

This disposes of all questions presented in the motion to dismiss the case as presented to the County Court, and we hold that the County Court did not err in overruling said motion as presented to it.

Another question not presented to the County Court in the motion 'filed therein is sought to be presented to this court in the briefs filed, but as we have held and now hold that the County Court committed no error in overruling the pleas presented to it, we do not think applicant entitled to a writ prohibiting the County Court from proceeding further with the case. The question sought to be raised for the first time in this court, is that as the articles of the Penal Code defining and punishing a keeper of a bawdy or disorderly house were passed subsequent to the articles defining and punishing vagrancy, those articles defining and punishing keepers of bawdy and disorderly houses by necessary implication repeal subdivision "j" of the vagrancy Act (art. 634). If this provision of the law is not repealed by articles 495 and 500 of the Penal Code, the Corporation Court would have jurisdiction to try one charged with vagrancy under article 634, and it is only in cases in which the court has no jurisdiction, or is exceeding its jurisdiction that the writ of prohibition will lie. Bailey on Habeas Corpus and Prohibition, section 356, lays down the rule:

"The definition of the term 'jurisdiction' has been given and the general rules which apply to distinguish it from error have been quite fully discussed in other parts of this work.

"It only remains to call attention here to that distinction upon ap-

plication for a writ of prohibition. It is said the writ issues only to restrain the acts of a court or other inferior tribunal exercising judicial power, which it has no legal authority to exercise at all. And also that where the court or inferior tribunal has jurisdiction of the subject matter and the defendant is duly served with process or voluntarily appears, the writ will not be granted."

The Supreme Court of the United States in Smith v. Whitney, 116 U. S., 167, held: "It is often said that the granting or refusal of a writ of prohibition is discretionary, and therefore not the subject of a writ of error. That may be true where there is another legal remedy, by appeal or otherwise, or where the question of the jurisdiction of the court whose action is sought to be prohibited is doubtful or depends on facts which are not made matter of record; or where a stranger, as he may in England, applies for the writ of prohibition. But where that court has clearly no jurisdiction of the suit or prosecution instituted before it, and the defendant therein has objected to its jurisdiction at the outset and has no other remedy, he is entitled to a writ of prohibition as matter of right; and a refusal to grant it, where all the proceedings appear of record, may be reviewed on error. This is the clear result of the modern English decisions, in which the law concerning writs of prohibition has been more fully discussed and explained than in the older authorities. Re Dorster, 4 B. & S., 187, 199; Mayor, etc., of London v. Cox, L. R. 2, H. L., 239, 280; Worthington v. Jeffries, L. R. 10, C. P., 379, 380; Chambers v. Green, L. R. 20, Eq., 552, 555. See also Weston v. City Council of Charleston, 2 Pet., 449."

It is thus seen that the rule is, that "the defendant must have objected to the jurisdiction of the court at the outset, and he have no other legal remedy," else it is not obligatory on an appellate court to grant the writ. If applicant had desired to contend that articles of the Code defining and punishing keepers of bawdy houses and disorderly houses repealed by implication subdivision "j" of article 634 defining and punishing vagrancy, the proper place for her to have presented such plea was in the Corporation Court when the complaint was filed, and given that court an opportunity to rule thereon, for that court had *jurisdiction* to entertain such plea after the complaint was filed, but she did not do so. Again, as she did not file that plea in the Corporation Court, and after trial and sentence voluntarily appealed the case to the County Court, when the case was called, if she desired to enter that plea, she should have then filed it, and given the County Court an opportunity to rule thereon. This she did not do, and for the first time, in this court, in the brief filed, she asks us to prohibit the County Court from proceeding further without knowing or seeking to ascertain what the ruling of the County Court would be if she had filed that plea in that court. In our opinion, even if we should be of the opinion that articles of the Code defining and punishing keepers of bawdy houses and houses of prostitution, repealed subdivision "j" of article 634 defining and punishing vagrancy, the application is prematurely brought, for the County Court should have been given an opportunity to rule on that question before

asking us to prohibit it from proceeding further in the premises. We can not and will not presume in advance of the ruling by that court, that it will rule wrongfully when the question is presented to it. At least until the County Court has ruled on the question, she has not exhausted her legal remedies, and all the authorities hold, so far as we have been able to ascertain, that a writ of prohibition will not issue until it is made to appear that the applicant has no other legal remedy, or that by seeking the legal remedy she will suffer irreparable injury.

But had this question been presented to the County Court, the writer is unwilling to hold at this time that articles 496 and 500 repeal by implication subdivision "j" of article 634. We perhaps have not given it that consideration we would if the question was presented to us direct, not deeming it necessary to a proper disposition of the case. In the writer's opinion subdivision "j" of article 634 in providing that all keepers of houses of prostitution are vagrants, was punishing a certain class of persons who pursued that as a business or occupation. Under it it would not be necessary to prove that she was at that time the keeper of a particular house, but only that this was the character or line of business that she pursued to obtain her livelihood or living. It was her calling, trade or vocation, and it was at this class of people the vagrancy statute was aimed. A similar question was discussed at length in Parshall v. State, 62 Texas Crim. Rep., 190 to 194.

The bawdy house and disorderly house Act was directed at the keeper of a particular house, and it is necessary to prove that the defendant was at the *specific time* named in the indictment the keeper of a particular house, and it was kept at the time alleged for the purposes denounced by the statute—not that this was the vocation, trade or calling pursued to obtain a livelihood. Such person might be a lawyer, doctor, merchant, banker, or follow any other business or calling as his occupation or business, as a means of obtaining a livelihood, and yet be guilty under the Act defining and punishing the keeper of a bawdy house or house of prostitution, if he was keeping, or was interested in keeping a house at the time named for the purposes denounced by the statute. Such person, however, could not be convicted as a vagrant under the vagrancy statute, because that would not be his occupation or vocation in life— he would not be the character of person at whom the vagrancy statute is aimed. These are some of the reasons why the writer is of the opinion that neither article of the Code repeals the other, and if it does not do so, there can be no question that applicant is not entitled to the writ, for the wording of the complaint makes it clear that she was prosecuted under the vagrancy statute, and not under the bawdy house or disorderly house statute, and the Corporation Court has jurisdiction if brought under the vagrancy statute. But as hereinbefore stated, it is not necessary to decide in this case whether or not either provision of the Code by implication repeals the other, as that question was not presented to the Corporation Court, nor the County Court, and for us to issue the writ prayed for would be improper and premature until the County Court had passed on the question under the facts of this case.

If the applicant should present this question to the County Court, and that court overrules the plea, and when tried she is convicted, she can prosecute an appeal to this court, or if the fine is in such an amount as would not permit an appeal, she can then present the question to this court by suing out a writ of habeas corpus, if she thinks one provision of the Code repeals the other. She would have ample legal remedies, and the application for the writ of prohibition is denied.

*Writ denied.*

DAVIDSON, JUDGE.—I may write my views later on the questions involved in this case.

DAVIDSON, JUDGE.—If the vacation opinion or decision of Presiding Judge Prendergast and Judge Harper in the Pye case is correct, the writ of prohibition should have been granted in this case. If their opinion in this case is correct, the Pye opinion is incorrect. I do not deem it of any avail to write further now. If the writ of prohibition is available in a criminal case, it can only be for the purpose of enforcing the jurisdiction of the Court of Criminal Appeals. The writ of prohibition was granted in Pye's case at instance of the State to prevent issuance of writ of habeas corpus and a hearing under it. In this case the writ was and is denied the accused on the ground she did not urge want of jurisdiction of the county judge before whom the case was pending before she applied to this court for the writ of prohibition.