EX PARTE HAROLD R. NAYLOR.

No. 25,537. January 30, 1952.
Rehearing Denied May 28, 1952.

356

Hon. Harry N. Carroll, Judge Presiding.

*Bryan Wingo,* and *Luther E. Jones,* both of Corpus Christi, and *Black & Stayton,* Austin, for the appellant.

*L. M. Singer,* City Attorney, *Hodge Thompson,* Assistant City Attorney, Corpus Christi, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted in corporation court of the city of Corpus Christi on a charge that he kept chickens and conducted a slaughtering business within the city limits, contrary to an ordinance passed by the city for the promotion of public health and general welfare which prohibited the owning, maintaining, using, keeping or having in possession any * * * chickens, turkeys, guineas, geese, ducks, pigeons, with certain exceptions,

without obtaining a permit for such purpose. The ordinance further fixed a limit on the number for which a permit may be issued.

The enforcement of the ordinance was placed in the hands of the city health officer who was authorized to make inspections and prescribe certain regulations within the bounds of the ordinance.

It is admitted that appellant exceeded the bounds of this ordinance. The contention is that the ordinance is void per se: First, because it delegates power to the city health officer to make regulations; second, because the caption does not set forth the purposes of the ordinance; and, third, because as applied to relator it deprives him of his property without due process of law.

For the purpose of the first and second attacks we copy excerpts from the ordinance as follows:

### "ORDINANCE NO. 3089

"For the PROMOTION OF PUBLIC HEALTH AND GENERAL WELFARE PROHIBITING THE OWNING, MAINTAINING, USING, KEEPING, OR HAVING IN POSSESSION ANY * * * CHICKENS, TURKEYS, GUINEAS, GEESE, DUCKS, PIGEONS, WITHIN THE CITY LIMITS OF THE CITY OF CORPUS CHRISTI, EXCEPT THAT * * * CHICKENS, TURKEYS, GUINEAS, GEESE, DUCKS AND HOMING PIGEONS IN LIMITED NUMBERS MAY BE KEPT BY OBTAINING SPECIAL PERMIT FROM THE CITY HEALTH OFFICE; PRESCRIBING PROCEDURE FOR OBTAINING PERMIT; REGULATING THE KEEPING OF SUCH ANIMALS AND POULTRY UNDER SUCH PERMITS; PROVIDING FOR REVOCATION OF PERMITS; DEFINING CERTAIN TERMS; PRESCRIBING PENALTY OF NOT TO EXCEED A FINE OF MORE THAN TWO HUNDRED DOLLARS ($200) FOR THE VIOLATION OF THIS ORDINANCE; * * *."

"SECTION 1. That it is and shall be unlawful for any person, firm, or corporation to keep, own, maintain, use or have in their possession any * * * chickens, turkeys, guineas, geese, ducks, or pigeons, within the corporate limits of the City of Corpus Christi; except that * * * guineas, turkeys, chickens, geese, ducks, and homing pigeons may be kept under the conditions hereinafter set forth provided a permit be first obtained as hereinafter provided. * * * *."

"SECTION 2. Permits as hereinafter referred to, required to be had as a pre-requisite to the keeping, owning, maintaining, using, or having in their possession any * * * chickens, turkeys, guineas, geese, and ducks may be obtained by written application and complinace with the sanitary requirements as set forth by the City Health Officer, by filing a written application with the City Health Officer, which application shall affirmatively show that the applicant has facilities for keeping such animals or poultry in quarters meeting the standards set by the City Health Officer, which will confine said animals or poultry within limits not closer than one hundred (100') feet to the exterior limits of any dwelling resided in by any one other than the applicant. No permit shall be issued or be valid if issued for the permitting or keeping within the City of Corpus Christi upon any premises or within any area within the City of Corpus Christi a combined total of more than twelve (12) of the following: * * * chickens, turkeys, guineas, geese and ducks; * * *. Each such permit, unless sooner revoked, shall be valid and effective for not more than twelve (12) months from date of issuance thereof."

Appellant secured no permit to conduct his business and the city health officer had no authority to issue a permit for the business, as shown more fully later.

This proceeding was originated in the trial court for the purpose of testing the validity of the ordinance of the city of Corpus Christi. We have no other question before us and address ourselves to that by discussing only a few of the many authorities presented to us in the appeal.

Francisco v. Board of Dental Examiners et al, 149 S.W. 2d 619. The state may prescribe reasonable regulations for granting licenses to dentists and may delegate to an administrative board authority to pass on the qualifications of applicants, with power to grant or refuse a license. The state may revoke such license or delegate that function to a board or agency, even though the right to practice, once acquired, is a property right and the subject of protection under the due process clause of the State and Federal Constitutions.

Williams v. State, 146 Tex. Cr. R. 430, 176 S.W. 2d 177. "Police power" is an incidental power lodged in every municipality, local, state or federal. It is incident to the enforcement of laws and does not depend altogether upon specific grant. As

regarding the power of the legislature to delegate authority, it is said that the legislative body may, after declaring a policy and fixing a primary standard, confer upon executive or administrative officers the power to fill out details by prescribing rules and regulations in keeping with the purpose of the legislation and to carry them into effect. The exercise of such power does not violate the constitutional inhibition against delegation of legislative functions. See Art. 2, Sec. 1, Vernon's Ann. St. Const.

It was held in this case that the proclamation of the Governor, when duly promulgated and filed according to the provisions of law, has the force of the law on a subject. The legislature may create an offense and at the same time provide exceptions to its application (as in the ordinance authorizing the granting of certain permits by the city health officer).

Margolin v. State, 151 Tex. Cr. R. 132, 205 S.W. 2d 775. This was a prosecution for violation of the pure food laws by the use of saccharin instead of sugar in the manufacture of soda water. The State Health Officer had issued an order prohibiting the use of saccharin for this purpose. The trial court certified that he entered his order as a violation of this order. It was asserted that the legislature may, after declaring a policy and fixing primary standards, delegate to administrative tribunal, in this case the State Health Officer, power to prescribe details so as to carry out the legislative purpose. This cause was remanded, not because of the invalidity of the law or the health officer's order, but because the trial court's finding was that of being guilty of violating the order of the State Health Officer when it should have been for violation of the pure food law passed by the legislature.

It is our opinion this brings us to the discussion of the very question which is now before us. A study of the city ordinace makes it very clear that the city of Corpus Christi set the standards for the regulations of the subjects enumerated in the ordinance and then delegated to the city health officer the power to fill in the details and carry out the purposes expressed in the ordinance as the agent for the city council. He was granted no power and exercised none, to say that the ordinance was violated as a matter of law. He made his inspection and reached his conclusion, as he had a right to do, that the law had been violated; but it is not this conclusion which imposed the fine in question. The executive officer of the city, taking the facts dis-

closed by the inspection, resorted to the courts where alone the power is lodged to say that relator was guilty.

The same authorities upon which we rely for our conclusion that no delegated authority was made in passing the ordinance contrary to the provisions of the Constitution also support our conclusion that relator was not deprived of his rights without due process of law. He was transacting his business within the city contrary to the ordinance. That is admitted. The facts of the case amply support a finding that he created a health hazard and his business constituted a nuisance in a residential section of the city.

Corpus Christi has had an enormous growth since his business was established. The property surrounding him was owned by others and they had a right to develop it and adopt it to the purposes of advancing residential section or to industrial uses, as they saw fit. The surrounding property owners had no right to create a hazard to appellant's business and he, in turn, will have no right in his own interest to jeopardize the interests of the general public. It is a foundation principle of our government that individual rights must yield to public rights. Bad health conditions will affect industrial areas where large numbers of people come to work just as certainly as in residential districts. The relator maintained his business, according to the evidence, against the rights of both industrial workers and residents in his area. The city had a right to regulate it in the interest of public health, as it did, and it proceeded in a legal manner to institute this prosecution. Relator resorted to the district court in habeas corpus proceeding to have the ordinance declared void. This was the only way available to him to bring the question to this court, and the only question which we can decide is the legality of the ordinance. Whether or not relator violated that ordinance is a question over which we do not have jurisdiction.

We have considered the authorities presented by relator in a very able brief and argument. The cases cited do not deal with health conditions, as a general proposition. They are not in point as we view the case and for that reason are not discussed. The question is not novel though it is difficult. It is not new, as illustrated by the authorities presented to us, and the burden cast upon relator in the conduct of his business is a great one but the public interest, during this day of new and serious disease outbreaks, is much greater. We are not depart-

ing from former decisions of this and other courts, though we are meeting to some extent new situations.

The relief prayed for by relator is denied.

ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant predicates his motion for rehearing upon the following assertions of error:

1. That "the ordinance is void because it does not state the conditions that must exist before the City Health Officer is empowered to act."

The ordinance in question sets forth certain specific limitations and requirements that must exist before the city health officer is empowered to grant a permit, among them being the number of named animals and fowls that may legally be kept and the distance from the residence of another where the same may be so kept. The relator admits that he has not met these requirements which are specifically enumerated in the ordinance itself.

Our review of this question must, therefore, be limited to the city's constitutional power to enact an ordinance prohibiting the keeping of more than 12 chickens within 100 feet of the residence of another.

In Ex parte Broussard, 74 Tex. Cr. R. 333, 169 S. W. 660 (1914), we had an occasion to write exhaustively on the question of the constitutionality of an ordinance giving the city council the power to grant or withhold a permit for the keeping of more than 6 head of cattle within 300 feet of a private residence.

As we view the facts of the case at bar, the Broussard case is here controlling, and we see no reason to depart from the holding therein.

(2) That the ordinance is void as applied to relator because it deprives him of property and liberty without the process of law.

The Supreme Court of the United States as early as 1904, in Fischer v. St. Louis, 48 Law Ed. 1018, in writing upon the validity of a city ordinance prohibiting the keeping of cattle within prescribed limits, made the following statement of law:

"The power of the legislature to authorize its municipalities to regulate and suppress all such places or occupations as, in its judgment, are likely to be injurious to the health of its inhabitants, or to disturb people living in the immediate neighborhood by loud noises or offensive odors, is so clearly within the police power as to be no longer open to question."

We are impressed with the soundness of the reasoning of the Supreme Court of New Mexico in Mitchell v. City of Roswell, 111 P. (2d) 41 (1941). There, the court had under consideration the validity of an ordinance making it unlawful to keep certain livestock within a restricted area of the city. We quote therefrom, in part, as follows:

"All property and property rights are held subject to the fair exercise of the police power (3 McQuillin, 2d Ed., par. 939) ; and a reasonable regulation enacted for the benefit of the public health, convenience, safety or general welfare is not an unconstitutional taking of property in violation of the contract clause, the due process clause, or the equal protection clause of the Federal Constitution. Article 1, par. 10; Amend. 14. Atlantic Coast Line Ry Co. v. Goldsboro, 232 U. S. 548, 34 S. Ct. 364, 58 L. Ed. 721. A vested interest in property cannot be asserted against it upon the theory that the business was established before the statute or ordinance was passed. When the power is authorized and reasonably enforced, it matters not that the investment in property, as it is alleged here, was made prior to the passing of the ordinance, or that the value of the property was reduced materially by reason thereof; or that the property is not so useful or valuable for any other purpose. The private interests of the individual are subordinated to the superior interest of the public. Reinman v. Little Rock, 237 U. S. 171, 35 S. Ct. 511, 59 L. Ed. 900; City of Little Rock v. Reinman-Wolfort Automobile Livery Co., 107 Ark. 174, 155 S. W. 105; Ex parte Hadacheck, 165 Cal. 416, 132 P. 584, L.R.A. 1916B, 1248; Hadacheck v. Sebastian, 239 U.S. 394, 36 S. Ct. 143, 60 L. Ed. 348, Ann. Cas. 1917B, 927; Barbier v. Connolly, 113 U.S. 27, 31, 5 S. Ct. 357, 28 L. Ed. 923, 924; * * *."

"It is the policy of the courts to uphold regulations intended to protect the public health, unless it is plain that they have no real relation to the object for which ostensibly they were enacted, and prima facie they are reasonable. Miller v. Syracuse, 168 Ind. 230, 80 N.E. 411, 8 L.R.A., N.S. 471, 120 Am. St. Rep. 366; Odd Fellows' Cemetery Ass'n v. San Francisco, 140 Cal.

226, 233, 73 P. 987, 989; Boyd v. City of Sierra Madre, 41 Cal. App. 520, 183 P. 230."

The relator must overcome the finding of the city council, stated in the preamble to the ordinance, that it was "necessary to the interest of public health and welfare to prohibit the keeping of certain animals and to regulate the keeping of certain other animals and poultry within the City limits of the City of Corpus Christi, Texas." These findings and the enactment of the ordinance made a prima facie showing that the ordinance was reasonable and placed the burden upon relator to disapprove it. Hislop v. City of Joplin, 157 S. W. 625; Ex parte Glass, 49 Tex. Cr. R. 87, 90 S. W. 1108.

It must be remembered that the question for our determination here is the constitutional power of a city council in public health matters.

An examination of the record herein not only reflects that the relator was unable to meet this burden, but also shows that the trial court had before it sufficient evidence to authorize a finding that the business, as operated by the relator, reasonably endangered and threatened the health of the public.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.