STATE OF TEXAS EX REL RICHARD H. BURKS,
CITY ATTORNEY, ET AL., RELATORS.
VS.
THOMAS J. STOVALL, DISTRICT JUDGE, ET AL, RESPONDENTS.

No. 30,802. June 10, 1959.

DAVIDSON, Judge, concurred.

MORRISON, Presiding Judge, dissented.

*Richard H. Burks*, City Attorney, *Homer T. Bouldin*, Assistant City Attorney, Houston, for relators.

*Bradshaw & Bradshaw*, and *King C. Haynie*, Houston, for respondents.

WOODLEY, Judge.

A penal ordinance of the City of Houston (Sec. 3 - 25 1958 Code of Ordinances as amended August 13, 1958) makes it unlawful for any person to keep, possess or maintain in the city limits any chickens, turkeys, geese, ducks, peafowls or any other bird or fowl except parakeets, canaries or similar size birds, or any pens, enclosures or other structures in which any such fowls are kept or possessed within 100 feet of any actual residence or habitation of human beings, or within 100 feet of any church, school or hospital.

Excepted are owners or keepers of such fowls kept for sale or commercial purposes in batteries or coops arranged inside of buildings in a sanitary condition, and it is provided that some of the fowls named may be lawfully kept for purely public exhibition purposes.

Respondents Adams and Bergman filed suit in the district court against the city of Houston, its mayor, city attorney, corporation court judge and director of its health department, seeking temporary and permanent injunction to restrain the defendants from enforcing said ordinance, alleging that it was invalid and unconstitutional, arbitrary, unreasonable and capricious, and that in passing and enacting the ordinance the city, its mayor and council had deprived them of their property without due process of law.

Service being had, the defendants answered and specially denied the allegation that "said City of Houston through its Mayor, City Council, Health Department, City Attorney's office and the Corporation Court are depriving and attempting to unlawfully deprive said Plaintiffs of their properties without due process of law," and denied that the ordinance or any part thereof is void or unconstitutional or invalid for any reason.

After hearing, temporary injunction was issued by Hon. Thomas J. Stovall, Judge 129th Judicial District of Texas, commanding the defendants to desist and refrain from prosecuting or further prosecuting the plaintiffs or anyone else keeping, possessing or maintaining one or more of the prescribed fowls or birds, under the ordinance.

The parties so enjoined seek the issuance by this court of a writ of prohibition to prohibit Judge Stovall from making any order in the case other than to dissolve the injunction or dismiss the petition for want of jurisdiction, and to prohibit the other respondents from prosecuting the injunction suit.

Leave to file the application for writ of prohibition was granted under authority of State ex rel Flowers v. Woodruff, 150 Texas Cr. Rep. 255, 200 S.W. 2d 178, and the application is before us upon petition and answer supported by brief and oral argument.

Under the same authority, we are not authorized to pass upon the validity of the ordinance in this proceeding, but only to determine whether or not Judge Stovall had jurisdiction to entertain the injunction suit and to issue the temporary injunction restraining the enforcement of the penal ordinance, and determine whether the writ of prohibition should issue.

The constitutionality or validity of a penal ordinance is a question ordinarily within the exclusive jurisdiction of courts exercising criminal jurisdiction. However, courts of equity may enjoin the enforcement of a penal ordinance where the ordinance is unconstitutional and void, and its enforcement will result in irreparable injury to vested property rights. State ex rel Flowers v. Woodruff, supra; State ex rel McNamara v. Clark, 79 Texas Cr. Rep. 559, 187 S.W. 760; Kemp Hotel Operating Company v. City of Wichita Falls, 141 Texas 90, 170 S.W. 2d 217; Malone v. City of Houston, Texas Civ. App., 278 S.W. 2d 204. Many authorities to the same effect are collated under Injunction, Key 105(2), 21-A Texas Digest.

Applying this rule, injunctions restraining the enforcement of void ordinances were upheld on appeal in: City of Houston v. Richter, Civ. App., 157 S.W. 189 (requiring journeymen plumbers to procure license and give bond); Dibrell v. City of Coleman, Civ. App., 172 S.W. 550 (prohibiting the keeping of hogs in a sparsely settled portion of the city); City of Dallas v. Urbish, Civ. App., 252 S.W. 258 (failure of workers to have a building permit); Stone v. Kendall, Civ. App., 268 S.W. 759 (prohibiting excavations for removing gravel); Bielecki v. City of Port Arthur, Com. App., 12 S.W. 2d 976 (public dance hall within 100 feet of private residence).

In Pierce v. City of Stephenville, Texas Civ. App., 206 S.W. 2d 848 (levying occupation tax on itinerant photographers) the district judge's refusal to enjoin the enforcement of the ordinance was reversed by the Court of Civil Appeals.

In Murphy v. Wright, 115 S.W. 2d 448, the Court of Civil Appeals held an ordinance of the City of Denton, prohibiting the operation of a dance hall in the city limits, void and reversed

the order of the district judge and granted temporary injunction to restrain its enforcement.

Respondents concede that they were under burden of alleging and proving that the ordinance was unreasonable and unconstitutional, as we held in Ex parte Naylor, 157 Texas Cr. Rep. 355, 249 S.W. 2d 607. They contend that they have done so and expect to do so on final hearing.

Relators, defendants in the injunction suit, joined issue with the plaintiffs on the fact issues upon which rests the validity of the ordinance. Both relators and respondents say that they are entitled to a jury trial on such issues. This right would not be accorded should they be relegated to habeas corpus proceeding to test the validity of the ordinance.

Judge Stovall found from the evidence adduced at the hearing on the application for temporary injunction that the city of Houston, through its agents, "intends to enforce such ordinance and those possessing such fowls have no alternative except to dispose of such properties in order to avoid such prosecutions" and that upon the basis of the evidence adduced at the hearing there was a probability that the applicants for injunction would secure a finding by a jury, upon a trial on the merits for permanent injunction, that the acts prohibited by the ordinance have no substantial relation to the public health, safety, welfare or comfort; that the ordinance is unreasonable, arbitrary and capricious, and that to compel persons having one or more of the birds, fowls or pens to dispose of said property is unwarranted invasion of the property rights of said persons, depriving them of their property without due process of law.

The evidence upon which Judge Stovall acted is not before this court.

The writ of prohibition is an appropriate remedy to restrain the acts of a court which it has no legal authority to exercise. Such writ, though infrequently, has been issued by this court and by the Texas Supreme Court.

In State ex rel Flowers v. Woodruff, supra, this court issued writ of prohibition pointing out that neither the ordinance nor the petition for injunctive relief revealed the invasion of any property rights, and holding that the respondent taxicab operators had no vested property rights in the use of the streets of the city of Goose Creek.

In State ex rel McNamara v. Clark, 79 Texas Cr. Rep. 559, 187 S.W. 760, this court issued writ of prohibition holding that District Judge Clark was without jurisdiction to enjoin the enforcement of a local option pool hall statute which this court had held to be valid, pointing out that the pool hall operator had no vested property rights, his license being but a revocable permit, and his lease and equipment being acquired after the law had been enacted and held valid by this court.

The Supreme Court of Texas, in State v. Ferguson, 133 Texas 60, 125 S.W. 2d 272, issued writ of prohibition, prohibiting the carrying out of an injunction restraining the enforcement of a penal statute.

An authority which we deem should be followed here is State ex rel Bergeron v. Travis County Court, 76 Texas Cr. Rep. 147, 174 S.W. 365, wherein this court quoted with approval from the opinion of the Supreme Court of the United States in Smith v. Whitney, 116 U.S. 167, 6 Sup. Ct. 570, 29 L. Ed. 601, and held: "it is only in cases in which the court has no jurisdiction, or is exceeding its jurisdiction that the writ of prohibition will lie" and " 'the defendant must have objected to the jurisdiction of the court at the outset, and he have no other legal remedy', else it is not obligatory on an appellate court to grant the writ."

The defendants who were restrained have appealed from the temporary injunction. The jurisdiction of the district court to entertain the suit for injunction was not questioned in that court. The enjoined defendants have invoked the jurisdiction of the Court of Civil Appeals. That court, not this, has authority to pass upon whether a trial judge acted properly in granting a temporary injunction in a suit of which he had jurisdiction. See State ex rel McNamara v. Clark, supra.

That fowls and birds, as well as pens and enclosures in which they are kept, are property cannot be gainsaid. The holding in Dibrell v. City of Coleman, supra, regarding hogs being property, theft of which is a felony, applies to some of the fowls mentioned in the ordinance.

We do not pass upon the constitutionality of the ordinance. What we hold is that, if it is unconstitutional, the owners of fowls, birds and pens in the city have a property right therein which a court of equity may protect from invasion by the attempted enforcement of such void ordinance without interfering with the jurisdiction of this court.

Relators point out that Judge Stovall has not held the ordinance void, and could not do so in a temporary injunction proceeding. Upon this phase of the case we apply the rule stated in State ex rel Bergeron v. Travis County Court, 76 Texas Cr. Rep. 147, 174 S.W. 365, supra.

It does not clearly appear that the district court was without jurisdiction to entertain the suit for injunction, and its jurisdiction not having been challenged in the injunction proceeding, the application for writ of prohibition should be denied.

It is so ordered.

DAVIDSON, Judge, (concurring).

In concurring in the opinion of my brother Woodley, I make the following additional statements as to my views:

In a civil proceeding, the respondents, other than Judge Stovall, invoked the equity powers of the district court for relief. The district court granted the relief prayed for.

From that order, relators, the losing parties, appealed to the Court of Civil Appeals, where the appeal is now pending and undetermined.

Relators would have this court set aside the order of the district court and oust the Court of Civil Appeals of its jurisdiction and would have this court determine the case.

This, as a judge of the Court of Criminal Appeals I have neither the inclination nor the authority to do.

If State ex rel Flowers, et al v. Woodruff, et al, supra, authorizes such holding, then that case is wrong and ought to be overruled.

The presumption is that the Court of Civil Appeals will correctly determine the case before it.

It must be remembered that all prosecutions in a city or corporation court are conducted in and judgment is entered in the name of the State of Texas.

Relators, here, have no interest in the prosecution other than as representatives of the state.

The state has no right to appeal to or invoke the appellate jurisdiction of this court.

MORRISON, Presiding Judge, (dissenting).

I would grant the writ of prohibition under the authority of State ex rel. Flowers v. Woodruff, 150 Texas Cr. Rep. 255, 200 S.W. 2d 178, which was the authority under which we granted leave to file the application.

My brethren now deny the relief prayed for and, in the final analysis, base their holding on only two cases. State ex rel Bergeron v. Travis County, supra (Harper, J.,), was a bawdy house case and merely holds that where the defendant does not object to the jurisdiction of the court at the outset then it is not *obligatory* that the appellate court grant the writ of prohibition. Such holding does not in anywise hamper the power or the duty of this Court to grant the writ in this case. Dibrell v. City of Coleman, supra (the second case), was decided by the Austin Court of Civil Appeals in 1915 and held that an ordinance of Coleman which prohibited the keeping of hogs within the city was void.

Later, in Malone v. City of Houston 278 S.W. 2d 204, the Galveston Court of Civil Appeals in 1955 expressly disagreed with the holding in Dibrell, saying:

"The law appears settled in Texas that equity will not enjoin criminal proceedings or attempt to stay the hands of police officers in enforcing criminal law except where the law attempted to be enforced is unconstitutional and void and its enforcement will result in irreparable injury to vested property rights. State ex rel Flowers v. Woodruff, 150 Texas Cr. Rep. 255, 200 S.W. 2d 178; Kemp Hotel Operating Co. v. City of Wichita Falls, 141 Texas 90, 170 S.W. 2d 217; Stecher v. City of Houston, Texas Civ. App., Galveston, 272 S.W. 2d 925 (app. ref. N.R.E.)."

In the present case, the majority opinion does not pass upon the constitutionality of the ordinance in question, but expressly refrains from so doing. And there are no facts before us which show "the infliction of irreparable injury to vested property rights."

Error was refused by our Supreme Court in Malone, and I think we should follow the holding in that case.

The urbanization of this State since Dibrell was decided has rendered such holding obsolete, as will be seen from an examination of our opinion in Ex parte Naylor, 157 Texas Cr. Rep. 355, 249 S.W. 2d 607.

I respectfully dissent.