**The CITY OF HOUSTON et al., Appellants,**

v.

**W. S. ADAMS et al., Appellees.**

**No. 3668.**

Court of Civil Appeals of Texas.

Eastland.

Jan. 19, 1962.

Rehearing Denied Feb. 16, 1962.

R. H. Burks, City Atty., Homer T. Bouldin, Asst. City Atty., Houston, for appellants.

Bradshaw & Bradshaw, Houston, for appellees.

WALTER, Justice.

W. S. Adams, R. B. Bergman and O. C. Mayfield, on behalf of themselves and all persons within the City of Houston similarly situated as a class, filed suit against the City of Houston, its City Attorney, Health

**502**

Department and the Judge of the Corporation Court for a permanent injunction enjoining them from enforcing a Penal Ordinance making it unlawful to keep chickens in the city under certain conditions.

The court granted a temporary injunction which was affirmed in City of Houston et al. v. Adams et al., Tex.Civ.App., 326 S.W.2d 627 (Writ Ref.N.R.E.), wherein the court said: "It is apparent, that neither the Trial Court nor the Court of Criminal Appeals passed upon the constitutionality of the ordinance, and this court expressly disclaims any intention of doing so." The City of Houston filed an application for Writ of Prohibition in the Court of Criminal Appeals in an effort to have the court prohibit the trial judge from enforcing the temporary injunction. The Writ of Prohibition was denied in State v. Thomas J. Stovall, District Judge, 168 Tex.Cr.R. 207, 324 S.W.2d 874, wherein the court said: "We do not pass upon the constitutionality of the ordinance."

The ordinance made it unlawful for any person to keep chickens and other fowls within one hundred feet of a residence, church, school or hospital within the city limits.

The jury found that the keeping of fowls within one hundred feet of a residence, church, school or hospital was not substantially related to the public health, safety, welfare or comfort in the city. The court held the ordinance was arbitrary, unreasonable, capricious, unconstitutional and void.

The city has appealed from such judgment.

■ It will be noted that the ordinance does not make it unlawful to keep fowls in the city limits unless they are kept within one hundred feet of the residence of another, or a hospital, school or church. Stricter police regulations are essential to the welfare and safety of a crowded metropolis than are required in sparsely settled portions of the country.

■ "The action of the governing body of a city in passing an ordinance is final and conclusive, and cannot be revised by the courts, unless it is clearly made to appear that their action was arbitrary, unreasonable, and a clear abuse of power." Town of Ascarate v. Juan Villalobos, 148 Tex. 254, 223 S.W.2d 945. "The burden of showing that the ordinance is unnecessary, unreasonable and arbitrary is upon the respondent and unless that showing is clearly made, the action of the City Council is conclusive and cannot be revised by the courts." City of San Antonio v. Pigeonhole Parking of Texas, Incorporated, 158 Tex. 318, at page 326, 311 S.W.2d 218, 73 A.L.R.2d 640.

■ "The courts cannot interfere unless it appears that the ordinance represents a clear abuse of municipal discretion. And the 'extraordinary burden' rests on one attacking the ordinance 'to show that no conclusive, or even controversial or issuable, facts or conditions existed which would authorize the governing board of the municipality to exercise the discretion confided to it' ". City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477. "If reasonable minds may differ as to whether or not a particular zoning restriction has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the restriction must stand as a valid exercise of the city's police power. City of Corpus Christi v. Jones, Tex.Civ.App., 144 S.W.2d 388, error dism., correct judgt. Otherwise expressed by the court in the case just cited, if the issue of validity is fairly debatable courts will not interfere." City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477.

The health department of the City of Houston in 1952 received 125 complaints about chickens and other fowls, in 1953—786 complaints, in 1954—481 complaints, in 1955—216 complaints, in 1956—382 complaints, in 1957—455 complaints, in 1958—599 complaints, in 1959—700 complaints and in 1960—492 complaints.

Dr. W. H. Hambrick is a former President of the Harris County Medical Association, an organization of approximately 1480 doctors. He is also Director of Public Health of the City of Houston. He testified about the diseases of the fowls mentioned in the ordinance. The doctor testified that he was acquainted with the city ordinance regulating fowls, and in his opinion, it would be of value to the neighbors of people who keep fowls. Other medical witnesses testified chickens and other fowls mentioned in the ordinance sometimes have diseases which may be transmitted to people. A medical witness for the appellees also testified that said fowls have diseases which may be transmitted to people.

In Ex parte Naylor, 157 Tex.Cr.R. 355, 249 S.W.2d 607, the Court of Criminal Appeals held a Corpus Christi Penal Ordinance constitutional which made it unlawful for any person to keep chickens and other fowls within the corporate limits of the City of Corpus Christi. In the case of City of Corsicana v. Wilson, Tex.Civ.App., 249 S.W.2d 290 (Error Ref.N.R.E.) the Waco Court of Civil Appeals upheld the validity of a Penal Ordinance which prohibited keeping livestock within a specified zone. The Court of Criminal Appeals in Ex parte Naylor said, "The Supreme Court of the United States as early as 1904, in Fischer v. City of St. Louis, 194 U.S. 361, 24 S.Ct. 673, 48 L.Ed. 1018, in writing upon the validity of a city ordinance prohibiting the keeping of cattle within prescribed limits, made the following statement of law: 'The power of the legislature to authorize its municipalities to regulate and suppress all such places or occupations as, in its judgment, are likely to be injurious to the health of its inhabitants, or to disturb people living in the immediate neighborhood by loud noises or offensive odors, is so clearly within the police power as to be no longer open to question' ".

■ From the authorities cited and from the record, we are forced to hold that

the appellees failed to discharge their burden of proving that said ordinance was arbitrary, unreasonable and capricious. The judgment of the trial court is therefore reversed and rendered for the appellants.

Judgment reversed and rendered.