**CITY OF FORT WORTH et al., Relators,**

v.

**Harold CRAIK, District Judge, Respondent.**

**No. B–40.**

Supreme Court of Texas.

Feb. 8, 1967.

Rehearing Denied Feb. 8, 1967.

S. G. Johndroe, Jr., City Atty., Jerome H. Parker, Jr., David Wesley Gulley, Asst. City Attys., Fort Worth, for relators.

Brown, Herman, Scott, Young & Dean, William M. Brown and Shelby Sharpe, Fort Worth, for respondent.

NORVELL, Justice.

This is an original proceeding in which the relators, City of Fort Worth, its governing Council and Secretary, sought a writ of mandamus ordering the Honorable Harold Craik, District Judge of Tarrant County, Texas, 153rd Judicial District, to vacate a restraining order issued by him on the 10th day of January 1967 at the instance of The National Foundation, a corporation. This order restrained the City of Fort Worth from enforcing the penal provisions of an ordinance which proscribed (in the absence of a proper permit) the solicitation of funds "on the streets, in any office building or other public or private place, by house to house canvass or by telephone within the city" upon the representation that such funds are to be used for a charitable, educational, religious, patriotic or philanthropic purpose. The ordinance exempted certain organizations, but The National Foundation, which conducts an annual March of Dimes, is not one of these. The Charitable Solicitation Commission, a municipal administrative agency created by ordinance, refused to approve a permit for the solicitation of funds by The National Foundation because the expected costs of solicitation were deemed excessive in relation to the expected gross amount to be col-

lected. The action of the Commission was sustained by the City Council.

On January 13, 1967, this Court, without written opinion, held that the restraining order was void and granted the relief prayed for by relators. The respondent in its motion for rehearing again urges the validity of the restraining order. However, we are of the opinion that our original disposition of this case was correct and accordingly the motion for rehearing is overruled.

The Fort Worth ordinance (chapter 32 of the Fort Worth City Code, 1964), relating to the solicitation of funds upon the city streets and in public places, is penal in nature and has never been declared invalid or unconstitutional by a court exercising criminal jurisdiction. In Ex parte Phares, 122 Tex. 104, 53 S.W.2d 297 (1932), this Court in speaking of a criminal regulation, said:

"The power and authority to interpret this act rest exclusively with the courts of this state exercising criminal jurisdiction. A court of equity will not, through the medium of an injunction, determine whether given acts violate the provisions of a criminal statute. Such construction can be had only in the due and orderly enforcement of the statute through the forum prescribed for the trial of criminal cases."

In view of this situation, the case is controlled by the rule stated in Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294 (1932), and consistently followed by this Court, viz:

"Under the well-established rules of equity jurisprudence, it is clear that the district judge was without authority to issue the writ of injunction to prevent the enforcement of the law regulating the operation of motor trucks upon the highways of this state unless the petition for such injunction clearly showed the existence of two facts, viz.: First, that such law is unconstitutional and void; second, that its enforcement constitutes a direct invasion of a vested property right of the complainants."

■ It is recognized that in unusual cases, a court of equity may declare a penal statute or ordinance unconstitutional or invalid although such invalidity has not been determined by a court exercising criminal jurisdiction. The rule is stated by the Court of Criminal Appeals in State ex rel. Burks v. Stovall, 168 Tex.Cr.R. 207, 324 S.W.2d 874 (1959), as follows:

"The constitutionality or validity of a penal ordinance is a question ordinarily within the exclusive jurisdiction of courts exercising criminal jurisdiction. However, courts of equity may enjoin the enforcement of a penal ordinance where the ordinance is unconstitutional and void, and its enforcement will result in irreparable injury to vested property rights. State ex rel. Flowers v. Woodruff, supra [150 Tex.Cr.R. 255, 200 S.W.2d 178]; State ex rel. McNamara v. Clark, 79 Tex. Cr.R. 559, 187 S.W. 760; Kemp Hotel Operating Company v. City of Wichita Falls, 141 Tex. 90, 170 S.W.2d 217; Malone v. City of Houston, Tex.Civ.App., 278 S.W.2d 204."

■ The privilege of soliciting funds for charitable purposes upon the streets, in public places or by house to house canvass cannot be properly classified as a vested property right. As pointed out in the recent case of Crouch v. Craik, 369 S.W.2d 311 (Tex.Sup.1963), the rule restricting equity interference with criminal regulations to cases involving irreparable injury to vested property rights is firmly established as the law of this state.

■ Respondent has cited a number of cases by the Supreme Court of the United States as supporting the proposition that the solicitation ordinance is invalid as an illegal restraint upon the exercise of the fundamental freedoms of free speech and free press guaranteed and protected by the first and fourteenth amendments to the Constitution of the United States and Article 1, §§

8 and 19 of the Texas Constitution, Vernon's Ann.St. These cases are not in point. They were decided by a court exercising criminal jurisdiction. The validity of the present ordinance may, of course, be tested in the criminal courts and it is unnecessary for us and we do not pass upon the validity of such ordinance here. Our holding is that a court of equity will not determine originally the validity of a criminal regulation in the absence of a showing of irreparable injury to vested property rights. That showing was not made in this case.

Motion overruled.