### EX PARTE R. C. BOTTS.

No. 2367.   Decided February 19, 1913.

Rehearing denied March 12, 1913.

**1.—City Charter and Ordinance—Police Power—Hogs at Large.**

A hog is that character of animal that his keeping may be absolutely prohibited in the thickly inhabited portions of a city, and where the ordinance restricted the keeping of hogs in the City of Gonzales to certain limits, describing the metes and bounds in which hogs could not be kept, which covered about one-half the corporate limits of the city, the same was a valid ordinance and a conviction of relator for a violation thereof in the Corporation Court will not be set aside on writ of habeas corpus. Following Ex parte King, 52 Texas Crim. Rep., 383, and other cases.

**2.—Same—Judicial Knowledge—Hogs, Nature of—Police Power.**

The courts will take judicial cognizance of the nature and habits of the hog, and the results incident to his keeping and confinement within the limits of the populous portion of a city, and that their keeping may be absolutely prohibited therein under the police regulations of the city. Following Ex parte Glass 90 S. W. Rep., 1108.

Appeal from the County Court of Gonzales. Tried below before the Hon. J. W. Holmes.

Appeal from a habeas corpus proceeding asking release from a conviction in the Corporation Court of a violation of the city ordinance, forbidding the keeping of hogs within certain city limits; penalty, a fine of $10.

The opinion states the case.

*Blanton & Green,* for relator.—On question of invalidity of ordinance: Ex parte Smith, 51 Tex. Crim. Rep., 395; 102 S. W. Rep., 115; Pye v. Peterson, 45 Texas, 312.

*W. E. Jones,* for respondent, and *C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—The application for habeas corpus addressed to Hon. J. W. Holmes, County Judge of Gonzales County, shows that relator was prosecuted for violating an ordinance of the City of Gonzales, which restricted the keeping of hogs in said city to certain limits, describing by metes and bounds the limits in which hogs could not be kept. In the statement of facts it is agreed the territory embraced in the ordinance and in which hogs were not permitted to be kept

"covers about one-half of the corporate limits of said City of Gonzales, and includes the business section and most heavily populated residence section of said city."

Relator was convicted in the Corporation Court, and on habeas corpus was remanded by the county judge, and from this latter judgment prosecutes an appeal to this court, his contention being that the ordinance was void, in that the city council was without authority to pass an ordinance absolutely prohibiting hogs to be kept in any portion of said city, contending that their authority only extended to prescribing the mode and method of keeping hogs, and did not embrace authority to absolutely prohibit them from being kept in any part of the city.

Relator admits that hogs are of that species of animals which a city has the right to regulate the keeping, but contends that he is not of that character which the city has the right to absolutely prohibit the keeping. In the case of Cohen v. Rice, 101 S. W. Rep., 1052, our Court of Civil Appeals discussed at length the power of a city to prohibit a thing, subject to the police power, in certain parts of a city, and permitting it in other portions thereof, and hold that this is a reasonable regulation, when it does not by its terms amount to absolute prohibition. This has also been the holding of this court. (Levine v. State, 46 Texas Crim. Rep., 533; Williams v. State, 52 Texas Crim. Rep., 371; Ex parte King, 52 Texas Crim. Rep., 383.) Thus it is seen that an ordinance providing that hogs may be kept in certain parts of a city under given conditions, and providing that they may not be kept within certain limits, has been held to be a regulation of that character of business, and as relator admits that the city may regulate, this ordinance would not be invalid.

However, we do not base our opinion solely on this proposition. The statement of facts in this case does not disclose the mode and method and the circumstances under which the hog or hogs were kept in this instance, and the proposition before us is, is a hog the character of animal that his keeping may be absolutely prohibited in the thickly inhabited portions of a city? We think this should be answered in the affirmative. The Cyclopedia of Law, Vol. 16, page 852, lays down this proposition of law: "Courts may properly take judicial notice of facts that may be regarded as forming part of the common knowledge of every person of ordinary understanding and intelligence," citing authorities from Alabama, California, Connecticut, District of Columbia, Illinois, Indiana, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New Jersey, New York, Oregon, Virginia, Washington, and the United States Supreme Court, which will be found collated in the volume herein referred to.

This court soon after its organization adopted the general rule laid down by Mr. Greenleaf: "Courts will generally take notice of whatever ought to be generally known within the limits of their jurisdic-

tion.'' (Moore v. State, 7 Texas Crim. App., 14.) And this has always been the rule in this court and the Supreme Court, and with this well known rule of law in view, we should and will take judicial cognizance of the nature and habits of a hog, and the results incident to his keeping and confinement within the limits of a populous portion of a city. It is, we think, known of all men, that hogs when confined within narrow limits, have an offensive odor; that their habits are unclean, and by their mode of life create not only an offensive condition of affairs, but create a condition from which pestilence and disease arise, and it is one of the chief duties of a city or State under police power to protect the life and health of its citizens. We are not treating of a hog kept under extraordinary conditions, but kept in the usual and customary way they are kept in cities and towns, and when so kept we think the keeping of them would be injurious to the health of the community, and the odors arising would make the air offensive and very impure. Entertaining these views, we think this court was correct in its holding in the case of Ex parte Glass, 49 Tex. Crim. Rep., 87; 90 S. W. Rep., 1108, wherein an ordinance similar to the one involved in this case was held to be valid exercise of the police power conferred on cities by our statutes.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 12, 1913.—Reporter.]