**LANGLEY et al. v. CITY OF DALLAS.**
**(No. 8832.)**

(Court of Civil Appeals of Texas. Dallas.
May 19, 1923.)

**1. Municipal corporations ⊂⊃616 — Charter held to delegate authority to city to enact ordinance requiring medical examination of employers and employés in food products establishments.**

A charter, granting a city the power "to enact and enforce ordinances necessary to protect health, life, and property, to protect the lives, health, and property of the inhabitants of the city, and providing that it shall have and exercise powers of municipal government not prohibited by the charter," *held* an express delegation of authority to the city to enact an ordinance making it an offense punishable by fine for any operator of a food products establishment, including grocery stores, to employ a person with an infectious or contagious disease, and requiring all those engaged in such establishments to have medical examinations of themselves and their employés, including the Wasserman blood test, at intervals of not more than six months.

**2. Constitutional law ⊂⊃296(1) — City ordinance requiring medical examination of employés in food products establishments held not void as depriving citizens of privileges, immunities, and property without due process of law.**

A city ordinance requiring all those engaged in operating food products establishments, including grocery stores, to have medical examinations of themselves and their employés at intervals of not more than six months, including the Wasserman blood test, and making it an offense to employ a person with an infectious or contagious disease in such establishments, *held* not to transcend the inhibitions of the state and federal Constitutions against depriving citizens of privileges, immunities, and property without due process of law.

**3. Municipal corporations ⊂⊃625 — Ordinance requiring operators of food products establishments to submit to medical examination not arbitrary nor unreasonable.**

A city ordinance requiring employers and employés in food products establishments to submit to medical examinations, including the Wasserman blood test, at intervals of not more than six months, *held* not arbitrary nor unreasonable.

**4. Constitutional law ⊂⊃240(1) — Ordinance requiring operator of food products establishments to submit to medical examination held not denial of equal protection of law.**

A city ordinance requiring employers and employés in food products establishments to submit to medical examination, including the Wasserman blood test, at intervals of not more than six months, applying uniformly and without distinction or discrimination to all classes affected thereby, *held* not to contravene the constitutional provision for the equal protection of the law.

Appeal from District Court, Dallas County; Royall R. Watkins, Special Judge.

Suit by W. H. Langley and others against the City of Dallas, for an injunction. Judgment for defendant, and plaintiffs appeal. Affirmed.

J. J. Collins, Allen Charlton, and Hugh S. Grady, all of Dallas, for appellee.

HAMILTON, J. This suit for an injunction was filed to restrain the enforcement of an ordinance designated as the "food ordinance for the city of Dallas" enacted by the board of commissioners of that city. The ordinance requires all those engaged in operating food products establishments, including grocery stores, to have medical examinations of themselves and their employés made at intervals of not more than six months. The ordinance makes it an offense punishable by fine for any operator of such establishment to employ a person with an infectious or contagious disease. The Wasserman blood test is required and both the employers and employés who work at such places are compelled to undergo it. It was alleged that one of the appellants had already been arrested for violating the ordinance, and that arrests of the others were threatened and would be caused by the city officials charged with the duty of enforcing the ordinance unless restraint were imposed upon such officers by injunction.

The ordinance is alleged to be void for the following assigned reasons contained in the verified petition: (1) Because it is not authorized by the charter of the city and is not within the domain of the city's police power, since it is not in aid of public health, morals, or peace; (2) because it discriminates against appellants, since it does not include other classes of persons who handle property which the public acquires, and in the acquisition of which the public comes into contact with those who may have communicable diseases; (3) because it violates the due process of law clauses of the state and federal Constitutions; (4) because it is unreasonable as requiring inspection of premises and equipment in places of business, regardless of whether or not they are in good condition, requires the display of a certain card showing an inspection by the board of health, requiring employers and employés to submit to an examination and obtain a certificate from a reputable physician, and requiring a Wasserman test.

A general demurrer and special exceptions to various allegations, as being only conclusions unsupported by allegations of facts, were sustained, and the injunction was refused.

[1] The charter grants the city the power "to enact and enforce ordinances necessary to protect health, life, and property, * * *

to protect the lives, health, and property of the inhabitants of said city; * * * and it shall have and exercise all powers of municipal government not prohibited by this charter, or by some general law of the state of Texas, or by the provisions of the Constitution of Texas." This charter language is an express delegation of authority to enact the ordinance. It passes to the municipality the inherent police power to regulate the sale of food, including the power to regulate the places of such sales and the power to impose reasonable restrictions and requirements upon those who personally handle food products at such places.

[2] The city having been expressly clothed by the Legislature with the power to pass the ordinance, its act in passing it must be accorded the dignity and respect to be ascribed to any legislative act expressing the inherent police power of government. The legislative right and power to regulate the sale of articles of food is well established and now universally recognized. Such legislation does not transcend the inhibitions of constitutions against depriving citizens of privileges, immunities, and property without due process of law. Persons and property are subjected to restraints and burdens by it, but the presumption is that for the restrictions thus imposed they are compensated by the benefits and securities derived therefrom by the public in general. Furtherance of the protection of public health in a large city is a paramount function of the municipal government, especially when the municipality receives the authority expressed by the charter provision above quoted.

[3] The ordinance complained against is not patently arbitrary. We cannot say from the general knowledge or common experience of mankind, nor by any other proper test, that the ordinance inflicts an unreasonable and unnecessary destruction of either property or personal rights upon those to whom it applies. In such circumstances courts cannot undertake to determine the question of the necessity for the regulations imposed. That question, under these conditions, is one of legislative policy belonging exclusively to the board of commissioners.

[4] The ordinance applies uniformly and without distinction or discrimination to all those of the classes affected and regulated by it in the interest of the public health, and hence does not contravene the constitutional provision for the equal protection of the law.

The ordinance has been held to be a valid and constitutional enactment by our Court of Criminal Appeals. Ex parte Vaughan (Tex. Cr. App.) 246 S. W. 373. Also see Hanzal v. City of San Antonio (Tex. Civ. App.) 221 S. W. 237. In this case an ordinance of a similar nature was upheld by the San Antonio Court of Civil Appeals, and the theory and principle which sustain such ordinances as that here under consideration are fully treated.

The judgment is affirmed.