**CITY OF CORSICANA v. WILSON et al**
**No. 3015.**

Court of Civil Appeals of Texas.
Waco.

May 15, 1952.

Rehearing Denied June 5, 1952.

Wm. J. McKie, City Atty., Corsicana, for appellant.

Doyle Pevehouse, Corsicana, for appellees.

HALE, Justice.

This case involves the alleged invalidity of a penal ordinance duly passed by the governing body of the City of Corsicana. If the ordinance violates the due process clause of the Federal or State Constitution and if its attempted enforcement against appellees will result in irreparable injury to their vested property rights, the judgment appealed from should be affirmed; otherwise, the judgment should be reversed.

The record before us discloses that appellees own certain real property situated in the business section of the City of Corsicana which they have used for many years in operating what is known as "Wilson's Wagon Yard" where they ordinarily keep from 25 to 75 head of cattle, horses, sheep and hogs for themselves and their patrons. In order to promote the public welfare, health and convenience of its citizens, the governing body of the City passed an extensive ordinance on May 16, 1950 to regulate the raising, keeping and harboring of livestock and fowls within the corporate limits of the City. Sec. 1 of the ordinance provides in substance that after the expiration of twelve months from the passage thereof, it shall be unlawful for any person "to keep, harbor, raise or possess livestock of any kind" within a specified zone, with the further proviso that such section shall not be construed to prohibit any person engaged in operating any packing house or slaughter house from keeping livestock for a temporary period

of time not to exceed 72 hours. This zone embraces the business section of the City where the property of appellees is situated. Secs. 2 to 5 of the ordinance provides regulations relating to the keeping of cows, horses, sheep, hogs and other livestock and fowls within other parts of the City and to the sanitary condition of the pens or enclosures in which they may be kept. Sec. 6 provides that any violation of the ordinance shall constitute a misdemeanor which shall be punishable by a fine not to exceed $100 and that each day such violation occurs shall constitute a separate offense. Shortly after May 16, 1951, the governing body of the City expressly instructed the city attorney to enforce the ordinance. Thereupon, complaints were filed against each of the appellees and twelve of their patrons on account of the alleged violation of the ordinance, and each of these complaints was pending on the docket of the corporation court of the City of Corsicana undisposed of at the time when the judgment here appealed from was rendered.

Appellees instituted this suit against appellant for a declaratory judgment decreeing Sec. 1 of the ordinance to be null and void because in violation of their constitutional rights, and they also sought injunctive relief against the enforcement thereof as it applied to them and their lessees and patrons. The case was tried by the court below without a jury and resulted in judgment awarding to appellees the relief sought by them, the court being of the opinion that Sec. 1 of the ordinance "in so far as it applies to petitioners and their lessees and patrons and their business at what is known as Wilson's Wagon Yard, is unconstitutional and therefore void and unenforceable as a matter of law, in that it deprives petitioners and their lessees and patrons of their substantial property rights without due process of law, and prohibits a lawful, pre-existing business carried on by petitioners."

Appellant bases its appeal upon two points of error, viz.: (1) "The trial court erred in holding as a matter of law that appellees were entitled to an injunction enjoining the City of Corsicana from enforcing the penal ordinance in question as it applied to appellees"; and (2) "The trial court erred in holding as a matter of law that the city ordinance in question was void and unconstitutional as to appellees."

The general rule is well established that courts of equity will not enjoin criminal proceedings or attempt to stay the hands of peace officers in the enforcement of criminal law, except in cases where the law attempted to be enforced is unconstitutional and void and its enforcement will result in irreparable injury to vested property rights. But where a municipal ordinance is unconstitutional and its attempted enforcement will result in irreparable injury to property rights, the enforcement thereof may be enjoined, even though such ordinance is criminal and penal in nature. City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528, 47 Am.St. Rep. 114; Bielecki v. City of Port Arthur, Tex.Com.App., 12 S.W.2d 976; Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294; Kemp Hotel Operating Co. v. City of Wichita Falls, 141 Tex. 90, 170 S.W.2d 217; 28 Am.Jur. pp. 413 et seq., Sec. 233; 43 C.J.S., Injunctions, § 119, pp. 650 et seq. Therefore, we must decide whether the enforcement against appellees and their patrons of Sec. 1 in the ordinance before us would deprive them of their property rights without due process of law within the meaning of the constitutional provisions relevant thereto.

Appellant says the ordinance does not violate the due process clause of the Constitution because it was passed in the exercise of the police powers lawfully vested in its governing body to pass such measures as it might deem reasonably necessary to protect the health of its citizens. On the other hand, appellees say the passage of the ordinance and the attempt to enforce the provisions contained in Sec. 1 thereof are tantamount to an effort on the part of appellant to abate the keeping of livestock within the zone specified therein on the ground that such action constitutes a nuisance. They argue that while the keeping of livestock within the prohibited zone may or may not be a nuisance in fact, the purpose of the ordinance was to declare the same to be a

nuisance as a matter of law and that the effect thereof, as applied to them, was not reasonably to regulate but to prohibit a lawful pre-existing business and thereby deprive them and their patrons of their substantial property rights without due process of law.

The ordinance does not mention appellees or their property and it does not expressly declare the keeping of livestock at any particular place within the corporate limits of the City to be a nuisance. The preamble thereof is as follows: "Whereas, because of lack of proper regulation of livestock and fowls, there exists in many parts of the City of Corsicana unsanitary conditions where flies breed and disease is cultured, where odors are obnoxious to the entire neighborhood, where unsightliness is evident and the need for regulation is great; and whereas, the City Commission of the City of Corsicana, in the exercise of the discretion reposed in it by law, in order to promote the public welfare, health and convenience of the people has decided that it is necessary and advisable to regulate the raising, keeping and harboring of livestock and fowls within the corporate limits: Therefore, be it ordained etc." The zone specified in Sec. 1 of the ordinance embraces only a fractional part of the entire territorial area within the corporate limits of the City. The evidence shows without dispute that 25 establishments dispensing food for human consumption, such as cafes, restaurants or food stores, are located within a radius of 200 yards from the place where appellees have been conducting their business and that such place is constantly infested with an accumulation of manure and filth normally incident to the impounding, feeding and watering of livestock.

Appellant is a home rule city with a charter adopted in accordance with Art. XI, Sec. 5 of the Constitution of Texas, Vernon's Ann.St. and by virtue thereof it is lawfully vested with full power of local self-government, including the exercise of the powers expressly enumerated in Art. 1175 of Vernon's Tex.Civ.Stats. Consequently, its governing body was and is authorized and empowered, in the exercise of its sound discretion, to pass such ordinances and sanitary measures as might be reasonably necessary and proper for the protection of the health of the inhabitants of the City, to promulgate rules and regulations for that purpose and to enforce all ordinances necessary to accomplish that end. In the further exercise of its police power, it was and is also authorized "to prevent and summarily abate and remove all nuisances and to preserve and enforce the good government, order and security of the city and its inhabitants."

The broad powers of a home rule city to ordain health measures for the protection of its inhabitants and to prevent nuisances for that purpose, although comprehensive in sweep, are not absolute or unlimited and such powers may not be exercised in a capricious, arbitrary or unreasonable manner. An ordinance which denounces and prohibits as a nuisance any act or thing which in its inherent nature is not a nuisance per se, or is not so denounced by the common law or by statute, is invalid unless the act or thing is in fact a nuisance by reason of conditions existing in the municipality. Whether that which is sought to be prohibited is or is not a nuisance is a justiciable question and it cannot be conclusively foreclosed by any arbitrary mandate on the part of the governing body of the city. But if fair and impartial minds may properly infer from undisputed facts and circumstances that the act or conduct sought to be prohibited has resulted or will result in an unsanitary condition which constitutes a nuisance and that the prevention or abatement thereof is reasonably necessary to protect the health of the community, a penal ordinance which makes such act or conduct unlawful is not unconstitutional, even though the purpose or effect thereof is to denounce the prohibited act or conduct as a public nuisance in derogation of pre-existing private rights of property. In the recent case of Town of Ascarate v. Villalobos, 148 Tex. 254, 223 S.W.2d 945, 950, the Supreme Court of Texas quoted with approval from 16 C.J.S., Constitutional Law, § 199, p. 581 as follows: " 'Since the very foundation of the police power is the control of private interests for the public welfare, a statute or ordinance is not ren-

dered unconstitutional by the mere fact that private rights of person or property are subjected to restraint or that loss will result to individuals from its enforcement.' "

■ Under the facts and circumstances in this case we have concluded that the passage and attempted enforcement of the penal ordinance here under consideration constituted a valid exercise of the police powers lawfully vested in the governing body of the City of Corsicana to pass and enforce such ordinances as may be reasonably necessary and proper to protect the health of its citizens and consequently that neither the passage nor the attempted enforcement thereof has resulted or will result in depriving appellees or their patrons of any right of property without due process of law within the meaning of the Federal or State Constitution. We base our opinion in part upon the holding in the following cases: Ex parte Glass, 49 Tex.Cr.R. 87, 90 S.W. 1108; Cohen v. Rice, Tex.Civ. App., 101 S.W. 1052, (er. den.); Ex parte Botts, 69 Tex.Cr.R. 161, 154 S.W. 221; Ex parte Broussard, 74 Tex.Cr.R. 333, 169 S.W. 660; Langley v. City of Dallas, Tex. Civ.App., 252 S.W. 203; Sitterle v. Victoria Cold Storage Co., Tex.Civ.App., 33 S.W.2d 546, (er. dis.); Town of Colton v. South Dakota Cent. Land Co., 25 S.D. 309, 126 N.W. 507, 28 L.R.A.,N.S., 122. See also: 37 Am.Jur. p. 935, Sec. 293; 62 C.J.S., Municipal Corporations, § 213, p. 397.

Because we have concluded that the trial court erred in holding that Sec. 1 of the ordinance in controversy is unconstitutional and in permanently enjoining the enforcement thereof, the judgment appealed from is reversed, the injunction granted by the court below is dissolved and judgment is here rendered decreeing such ordinance to be valid and denying appellees any injunctive relief against its attempted enforcement by appellant.

Reversed and rendered.

LESTER, C. J., took no part in the consideration or disposition of this case.