HUGH J. BEATY ET AL., APPELLANTS, V. E. R. BAKER ET AL., APPELLEES.

160 N. W. 2d 199

Filed June 28, 1968. No. 36898.

Bayard T. Clark, Paul P. Chaney, and Richard L. Edgerton, for appellants.

Archibald J. Weaver, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This action seeks to declare invalid, void, and unconstitutional an ordinance of the City of Falls City which declares: "No person shall stable or pasture any horse, mule, cattle, sheep or goats within three hundred feet of any residence located within the City of Falls City." The district court held that the ordinance was valid and constitutional. We affirm the judgment of the district court.

The plaintiffs generally attack the ordinance as being an unlawful exercise of the police power in that it is an unwarranted infringement upon private rights and is an unreasonable classification for the purposes of regulation and control. Falls City is a city of the first class, and the statute, section 16-240, R. R. S. 1943, specifically authorizes the enactment of such an ordinance, stating: "A city of the first class by ordinance may make regulations to make secure the general health of the city, * * * make and prescribe regulations for the construction, *location,* and keeping in order of all slaughterhouses, * * * sheds, stables, barns, dairies, or other places where offensive matter is kept, or is likely to accumulate, within the corporate limits, * * *." (Emphasis supplied.)

The ordinance prohibits the keeping of the classes of livestock enumerated within 300 feet of a residence.

Does such a classification bear a reasonable relation to the public health, safety, or welfare? The courts generally, and almost without exception, have upheld similar distance requirements as being related to the public health and welfare. In 7 McQuillin, Municipal Corporations (3d Ed.), § 24.291, p. 141, it is stated: "Municipal power extends to the regulation and prohibition of the keeping of livestock where the regulation or prohibition is reasonable and related to the public health, safety, or welfare. This is true with respect to cattle, goats, kids, hogs, sheep, horses and other livestock and animals, including poultry and bees. * * * Ordinances excluding from restricted areas the keeping of livestock are usually upheld. This is true of zoning ordinances. Regulations relating to the keeping of livestock sometimes prohibit such keeping within certain distances of dwelling houses."

The rule is stated as follows in an annotation in 32 A. L. R. at page 1372: "It is generally held that a municipality has power to regulate the keeping of live stock in the neighborhood of dwelling houses and other inhabited buildings, * * *."

Specific cases upholding ordinances requiring minimum distances that livestock may be kept in the neighborhood of dwelling houses are: In re Application of Mathews, 191 Cal. 35, 214 P. 981; State v. Stowe, 190 N. C. 79, 128 S. E. 481, 40 A. L. R. 559; Mitchell v. City of Roswell, 45 N. M. 92, 111 P. 2d 41; Ex Parte Naylor, 157 Tex. Cr. 355, 249 S. W. 2d 607; State v. Mueller, 220 Wis. 435, 265 N. W. 103; City of Corsicana v. Wilson (Tex. Civ. App.), 249 S. W. 2d 290.

We observe that such classifications and regulations pursuant thereto have been sustained by the courts for many years, and the considerations of public health and welfare apply with increased force under modern congested urban living conditions. And the argument as to economic necessity must give way to the public health and welfare.

The ordinance is presumptively valid and is constitutional on its face. Moreover, in this case there is specific evidence in the record by a veterinarian that the keeping of domestic animals within the close confines of city living is a definite health hazard, and residents testified that they are plagued by odors, flies, and rats from a neighboring stable. The plaintiffs' medical witness testified on cross-examination that stables could be breeding places for flies and rats.

What was said in Union Pacific R. R. Co. v. State, 88 Neb. 247, 129 N. W. 290, where this court upheld an ordinance regulating the location of a stockyards, is applicable here: "Apparently the ordinance is on its face a sanitary measure adopted by the city for the purpose of promoting public health, comfort and welfare. The exercise of the police power for such a purpose is an essential function of municipal government and does not necessarily await the exigencies of an existing nuisance. When opportunely and wisely exercised, the police power generally prevents nuisances."

The ordinance is in all respects a valid and constitutional exercise of properly delegated police power to the city. The judgment of the district court is correct and is affirmed.

AFFIRMED.