**TOWN OF WINFRED, Plaintiff and Appellee,**

v.

**Charles E. SCHOLL, Jr., Defendant and Appellant.**

**No. 17377.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 10, 1991.

Decided Nov. 13, 1991.

Wilson Kleibacker of Lammers, Lammers, Kleibacker & Parent, Madison, for plaintiff and appellee.

John E. Burke, Sioux Falls, for defendant and appellant.

MILLER, Chief Justice.

This is an appeal from the circuit court's judgment holding that abandoned autos, auto bodies and other similar materials (junk) placed by Charles Scholl on specified lots owned by him constituted a nuisance under ordinances of the Town of Winfred, South Dakota. The trial court ordered Scholl to remove the offending junk from some of the lots, but refused to enter judgment declaring the junk on Scholl's "home place" a nuisance, thus allowing him to continue his business thereon.

On appeal, Scholl challenges Winfred's authority to declare the junk on his property a nuisance. We affirm.

FACTS

Scholl is the owner of several lots within Winfred and has resided there since August, 1973. His "home place" consists of twelve lots and is the only location on which he actually conducts his junk business. Scholl is also the owner of five other properties within Winfred. Scholl placed old appliances, abandoned farm equipment, and abandoned and junk auto bodies on these other properties.

The primary issue on appeal centers around Winfred's Ordinance No. 119 which was specifically enacted in September, 1973, to preserve Winfred's public health and safety.

On November 3, 1989, Winfred, through its treasurer, sent Scholl a letter advising

him that the junk on his property violated Ordinance No. 119. Scholl ignored this notice. On November 30, 1989, Winfred initiated this action, requesting a temporary injunction, an order for Scholl to show cause, a permanent injunction, and money damages.

The trial court entered an order to show cause and granted a temporary injunction restraining Scholl from bringing in additional junk. After a show cause hearing, the trial court entered findings of fact and conclusions of law refusing to grant Winfred's request for a permanent injunction because there was no showing of irreparable harm.

After the trial on the merits, the court held that the junk on Scholl's property (excluding the "home place") constituted a nuisance under Ordinance No. 119 and directed that it be removed. Scholl appeals.

## DECISION

Winfred is a municipal corporation. SDCL 9–1–1. As a municipality, Winfred "may enact, make, amend, revise, or repeal all such ordinances, resolutions, and regulations as may be proper and necessary to carry into effect the powers granted thereto...." SDCL 9–19–3. Included in its police powers, Winfred may declare what constitutes a nuisance and is authorized to prevent, abate and remove nuisances. SDCL 9–29–13. Furthermore, a municipality has the power to do what is necessary or expedient for the promotion of health or the suppression of disease. SDCL 9–32–1. Pursuant to this police power, Winfred enacted Ordinance No. 119 in September, 1973.

On appeal, Scholl claims the ordinance fails to define the kind of cars and materials to which the ordinance is directed. Additionally, Scholl claims no evidence was presented on whether his property was a nuisance. Finally, Scholl contends Ordinance No. 119 is being utilized in a broader manner than SDCL ch. 32–36 (Abandoned, Derelict and Junk Motor Vehicles and Scrap Metals) authorizes.

■ First, Ordinance No. 119 adequately describes the type of materials covered. The scope of the ordinance expressly included the following:

> Weeds, dry grass, dead trees, tin cans, *abandoned autos* and *auto bodies* and *similar materials* upon any public or private property are declared a nuisance and shall be disposed of under this ordinance. (Emphasis added.)

The trial court concluded the junk left on Scholl's property (excluding the "home place") was a health hazard and fell within the definition of abandoned autos, auto bodies, or similar materials. We think it is clear the ordinance sufficiently defined the type of autos and materials to be declared nuisances.

■ Secondly, Scholl contends there was no evidence supporting the trial court's conclusion that the junk on his property was a nuisance. The trial court heard testimony from Scholl * and adjoining landowners.

During 1990, Scholl dumped fifty loads of junk, including old appliances, abandoned farm equipment, and abandoned and junk auto bodies on the lot adjoining the Eichmann home, where they live with their two young children. Scholl also left at least a dozen abandoned auto bodies and other similar materials on a lot adjoining property containing the Terwilliger residence. These auto bodies have been located there since 1984.

As a further indication of good neighborliness, Scholl placed a junked delivery van on his lot directly south of the Carlson home in December, 1987. On this van, Scholl spray painted the words "Merry X-mas." The van has not been moved since that time.

The trial court concluded that the junk placed on Scholl's several properties (excluding the "home place") fell within the definition of abandoned vehicles and sim-

---

\* Interestingly, the trial court specifically found that Scholl's testimony was unreliable, evasive, and frequently false.

ilar materials under the ordinance, were a nuisance and, therefore, should be removed. "SDCL 9–29–13 grants every municipality the express power to 'declare what shall constitute a nuisance and prevent, abate and remove the same.'" *City of Aberdeen v. Wellman,* 352 N.W.2d 204, 206 (S.D.1984). "A trial court's conclusions of law may be reviewed and set aside on appeal only when the trial court has erred as a matter of law." *Matter of Dependency and Neglect of A.L.,* 442 N.W.2d 233, 235 (S.D.1989); *Temple v. Temple,* 365 N.W.2d 561 (S.D.1985). It is settled law in this state that:

> A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal.

*City of Aberdeen,* 352 N.W.2d at 205 (citing SDCL 21–10–3).

We agree with the trial court's holding that Ordinance No. 119 is a valid exercise of Winfred's police powers and that Scholl's junk fell under the ordinance's definition of nuisance. We have considered Scholl's other arguments and find them totally lacking in merit.

Affirmed.

WUEST, SABERS and AMUNDSON, JJ., concur.

HENDERSON, J., concurs with writing.

HENDERSON, Justice (concurring).

Scholl has not been, business-wise, destroyed hereby. He has 12 lots, known as the "home place," to conduct his business.

In the scenario before us, Scholl deposited these car bodies and scrap materials on *other* lots in this little town, population 54. Thereby, small children, living in homes adjacent and contiguous thereto, are exposed to an attractive nuisance which could endanger their bodies and lives. As the trial court concluded, it was a "health hazard."

There were extensive Findings of Fact entered (20 on October 9, 1990) and Conclusions of Law (20 on the same date). Under *In re Estate of Hobelsberger,* 85 S.D. 282, 181 N.W.2d 455 (1970), these findings were not clearly erroneous. Under *Permann v. Dept. of Labor, Unemp. Ins. D.,* 411 N.W.2d 113 (S.D.1987), the conclusions of law were not mistakes of law.

Municipalities have the right to regulate or prohibit junkyards within their corporate limits. *Buhler v. Stone,* 533 P.2d 292, 294 (Utah 1975). *Buhler* has been cited with approval in *State v. Jones,* 305 N.C. 520, 290 S.E.2d 675, 679–80 (1982).

Nor does our decision today, in any way, violate our most recent pronouncement on junkyards creating a public nuisance. *State By and Through DOT v. Garvin,* 456 N.W.2d 779, 782 (S.D.1990).