**UNION COUNTY, South Dakota, Plaintiff and Appellee,**

v.

**Clarence HOFFMAN, Wanda Hoffman, and Siouxland Feed, Inc., Defendants and Appellants.**

**No. 18296.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1994.

Decided Feb. 16, 1994.

John Slattery, Elk Point, for plaintiff and appellee.

C.E. Light, Yankton, for defendants and appellants.

WUEST, Justice.

Defendants Clarence and Wanda Hoffman

and Siouxland Feeds, Inc., (Hoffman)[1] appeal from the trial court's judgment declaring that Hoffman's operation of a mobile home trailer park constitutes a public nuisance and violates Union County (County) planning and zoning ordinances, and granting relief to County in the form of abatement of the nuisance. We affirm.

## FACTS

In 1968, Hoffman purchased a tract of agricultural land located in Union County, South Dakota. The tract contained crop land, farm buildings, and a feed yard for horses, cattle and hogs. In that same year, Hoffman developed a mobile home trailer park on a portion of the land and operated the park continuously since that time. County adopted a zoning plan in 1978, including provisions for licensing of mobile home parks. Hoffman applied for and received a license each year from 1978 through 1990, allowing the trailer court to exist and operate as a nonconforming use even though it did not fully comply with the zoning ordinance. In January 1991, in response to a complaint by a former tenant of the trailer park, representatives of the County conducted an investigation of conditions in the mobile home trailer court. County filed a civil complaint on February 21, 1991, alleging in part that Hoffman's operation of the mobile home trailer park constituted a public nuisance as defined by SDCL 21–10–1(1) and (4)[2] and seeking the remedy of abatement pursuant to SDCL 21–10–5. Trial was held to the court on March 13, 1992. The court filed its memorandum opinion on October 27, 1992; and filed its findings of fact and conclusions of law, incorporating the memorandum opinion, on January 26, 1993. Specifically, the court found that a review of the evidence presented at trial established that Hoffman had allowed the mobile home trailer park to be operated as a public nuisance, citing SDCL 21–10–3.[3] The court additionally noted that although SDCL 11–2–26[4] allows the continuance of a nonconforming land use subsequent to the adoption of zoning ordinances, County did not seek to discontinue operation of Hoffman's trailer court simply because of the nature of its use. Rather, County sought a remedy for the existence of a public nuisance, based on Hoffman's failure to comply with the most basic health and safety standards in the operation of the park. The court stated that, "This is clearly allowable in order to protect the health, safety and welfare of the residents of [the County.]" Addressing the remedy, the court ordered that Hoffman should be allowed sixty (60) days to make necessary corrections to the property. If Hoffman failed to comply within that time frame, the mobile home trailer court was to cease and desist operation within forty-five (45) days thereafter to allow the tenants time to locate other housing. It is from this order that Hoffman appeals, raising various issues which we address as follows:

1. Was there sufficient evidence to support the finding of a public nuisance?

2. Was the trailer court exempt from any regulation pursuant to ordinance or other statutory requirements?

1. Siouxland Feeds, Inc. (Siouxland) is a corporation owned and controlled by Clarence and Wanda Hoffman. The mobile home trailer park, as well as a number of trailers in the park, are owned by Hoffman and/or Siouxland. Some of the trailers are rented to the occupants by Hoffman/Siouxland, while other trailers are owned by the occupants. This opinion refers to the named defendants collectively as "Hoffman."

2. SDCL § 21–10–1(1) and (4) (1987). The statute provides in pertinent part:
    A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:
    (1) Annoys, injures, or endangers the comfort, repose, health, or safety of others;
    . . . .
    (4) In any way renders other persons insecure in life, or in the use of property.

*Id.*

3. SDCL 21–10–3 (1987) provides in pertinent part:
    A public nuisance is one which affects *at the* same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal[.]
    *Id.*

4. SDCL 11–2–26 (1982) provides in pertinent part:
    The lawful use or occupancy of land or premises existing at the time of the adoption of an official control hereunder may be continued, although such use or occupation does not conform to the provisions thereof[.]
    *Id.*

3. Is abatement a proper remedy?

### STANDARD OF REVIEW

■ We note that SDCL 7–8–33 provides in pertinent part that, "The board of county commissioners of every county may, by ordinance, allow for the declaration and abatement of a public nuisance within the county outside the corporate limits of any municipality." In a similar situation, we have stated that, "Where a municipal corporation is thus clothed with express power to declare what shall constitute a nuisance, its decision, if reviewable by the courts, should be sustained unless palpably unreasonable." *Town of Colton v. South Dakota Cent. Land Co.*, 25 S.D. 309, 312–13, 126 N.W. 507, 508 (1910) (citing a forerunner statute to the present SDCL 9–29–13 ("Every municipality shall have power to declare what shall constitute a nuisance and prevent, abate, and remove the same.")). We believe this standard of review is applicable in the present case, involving a county board, as well as a municipality. In the instant case, County applied its ordinances,[5] as well as state statutes and administrative regulations as guidelines to determine that the Hoffman mobile home trailer park was operated as a public nuisance, and sought a remedy via a civil action. SDCL 21–10–5. Further, in another public nuisance case, we have noted that:

> The trial court's findings of fact are presumptively correct. *Hilde v. Flood,* 81 S.D. 25, 130 N.W.2d 100 (1964). They shall not be set aside unless clearly erroneous. SDCL 15–6–52(a); *Hersrud v. Hersrud,* 346 N.W.2d 753 (S.D.1984); *Langerman v. Langerman,* 336 N.W.2d 669 (S.D. 1983).

*City of Aberdeen v. Wellman,* 352 N.W.2d 204, 206 (S.D.1984) (hereinafter *Wellman* ). Thus, we presume in this case that the lower court's findings of fact are correct, and we will not set them aside unless we determine that they are clearly erroneous. "A finding is 'clearly erroneous' when after reviewing all of the evidence, we are left with a definite and firm conviction that a mistake was made." *Selle v. Pierce,* 494 N.W.2d 634, 636 (S.D.1993) (citations omitted).

---

**5.** Specifically, Section 1410(10) of the County zoning regulations provides procedures for revocation or suspension of the mobile home park

### ANALYSIS

#### 1. The Manner of Operation of the Mobile Home Trailer Park Constituted a Public Nuisance

■ Hoffman argues that the evidence in the record is inadequate to support the finding of a public nuisance. We disagree. Our review of the record reveals sufficient evidence to support the trial court's conclusion that Hoffman's manner of operation of the trailer park constituted a public nuisance. The findings of fact include a comprehensive list of specific items that contributed to the determination that the trailer park was operated as a public nuisance. Some of these instances include: Pumping of raw sewage onto the surface, inadequate sewage system, accumulation of raw sewage under individual homes, plumbing code violations resulting in the presence of raw sewage inside homes owned by Hoffman, accumulation of excess garbage and junk around the homes, unsafe (unchlorinated) drinking water, accumulation of large amounts of manure and foul droppings from the Hoffman farming operation, inadequate electrical systems inside individual homes owned by Hoffman, unpassable roadways and nonexistent sidewalk system within the mobile home trailer park. Each of these findings is supported by testimony and exhibits found in the record. Thus, we agree with the trial court that County established by clear and convincing evidence that the Hoffman mobile home trailer park was operated as a public nuisance.

#### 2. The Hoffman Mobile Home Trailer Park is Not Exempt from All Regulation

■ Hoffman established the trailer park in 1968, prior to the 1978 adoption of planning and zoning ordinances by County. Thus, Hoffman argues, the trailer court is exempt from the requirements of the ordinances. As previously noted, the trial court recognized that SDCL 11–2–26 allows the continuance of a nonconforming land use subsequent to the adoption of zoning ordinances. However, County did not seek to discontinue operation of Hoffman's trailer court simply

license if the park constitutes "a health menace or nuisance."

because of the nature of its use. This is evident since County granted Hoffman a license to operate each year from 1978 through 1990, as a nonconforming use. However, when County determined in 1991 that Hoffman's method of operation of the trailer park constituted a health hazard and a public nuisance, Hoffman's application for a license was denied. County sought the further remedy of abatement for the existence of a public nuisance. We agree with the trial court that this action by County was permissible to protect the health, safety and welfare of County residents. SDCL 11–2–26 does not require County to allow the operation of a public nuisance as a nonconforming use.

### 3. Abatement is a Proper Remedy

The sole case cited by Hoffman is *Hartung v. County of Milwaukee*, 2 Wis.2d 269, 86 N.W.2d 475 (1957), apparently for the proposition that abatement is too harsh a remedy in this case. We disagree. We have previously stated that it is within the province of the trial court to enjoin all business activities which cause a nuisance, even where the result may be termination of the present use of the property. *Wellman*, 352 N.W.2d at 206.

> Even though [an] injunction against full business activity will likely cause economic damage, that factor is not controlling. Whether a use of property creating an alleged nuisance is reasonable cannot be gauged solely by the necessities of the users.

*Id.* (citing *Johnson v. Drysdale*, 66 S.D. 436, 443, 285 N.W. 301, 305 (1939)). Presumably, abatement will cause some economic damage to Hoffman. By Hoffman's own testimony, little income is derived from the trailer court portion of his business activities. Hoffman also operates a farming and livestock feeding operation, as well as "Siouxland Feeds" on the premises; although the record is not clear, presumably he derives income from those business activities, which are not included in the order of abatement. *See Wellman*, 352 N.W.2d at 206; *Town of Winfred v. Scholl*, 477 N.W.2d 262, 264 (S.D.1991) (Henderson, J., concurring) (stating that the defendant "has not been, business-wise, destroyed hereby" as he still had other property on which to conduct his business). Hoff-

man further argues that it would be a financial impossibility to install the improvements required to abate the nuisance "within sixty (60) days, or within sixty (60) years." Nevertheless, Hoffman has operated the trailer park since 1968, at least twenty-five (25) years. His strategy has been to conduct the trailer park as a low-budget operation, apparently allowing few dollars for investment and improvement in his business so that it can be maintained as a healthy and safe environment for residents. Hoffman was free to make that choice. However, Hoffman is not free to operate a public nuisance.

We have considered Hoffman's other arguments and find them totally lacking in merit.

The judgment is affirmed.

MILLER, C.J., and HENDERSON, SABERS and AMUNDSON, JJ., concur.